John Winter, Executor, v. John Adam Winter
et al.

*Estates of deceased persons—Commissioners on claims—Appeal.*

1. No formal issue is required to be taken on a hearing before commissioners on claims against the estate of a deceased person, nor need objection be made before them to their allowance of the claim.

2. An application for an appeal from the allowance of a claim against the estate of a deceased person need not set forth a formal statement of facts, nor need it be sworn to.

3. No bond is required on an appeal by an executor.

4. The testimony of the appellants is held to fail to establish their claim against their mother's estate.

Error to Saginaw. (Gage, J.) Submitted on briefs January 19, 1892. Decided February 5, 1892.

Defendants appeal from the disallowance of their claim against the estate of Anna M. Winter, deceased. Affirmed. The facts are stated in the opinion.

*W. E. Crane* and *E. L. Beach,* for appellants.

*Frank E. Emerick,* for appellee.

GRANT, J. John Winter died in 1887, leaving as his sole heirs at law Anna M. Winter, his widow, and three children, John Adam Winter, Barbara Zoellinger, and Katherine Hammling, who was the mother of the defendants Emma and John Hammling. Before his death he disposed of his property by deeds, conveying one farm to his son, John Adam Winter, and another farm to his wife. Out of the farm deeded to John he reserved a lease of 20 acres to his wife for her life, and took back two mortgages of $1,000 each, the interest thereon to be payable to his wife for her life, and at her death one mortgage to be considered canceled, and the other payable to his heirs. The two daughters instituted proceedings to set aside these conveyances. The mother thereupon deeded to them the farm which her husband had conveyed to her, and they agreed to pay her $500, and also to pay $300 towards the erection of a monument upon their father's grave. They executed a mortgage to her to secure the $500, which sum was to be paid as soon as they had sold the land. They subsequently sold it, paid her the $500, upon which she discharged the mortgage, and they also paid $300 for the monument.

Mrs. Winter died about three years after the death of her husband, leaving a last will and testament, by which

she devised the most of her property to her two sons, John and John Adam. John Winter was her son by a former marriage. The daughters contested this will, but it was duly admitted to probate, and thereupon they presented a claim against the estate for $800, which consisted of the $300 paid for the monument and the $500 paid their mother. The commissioners allowed the claim at $500, and filed their report December 15, 1890. The executor, on January 3, 1891, made application for an appeal, and gave the requisite notice. The appeal was allowed, and the case brought on for trial in the circuit court, which directed a verdict for the executor.

1. A preliminary question is raised. The contestants moved the circuit court to dismiss the appeal, because—

1. No objection to the allowance of the claim was made before the commissioners.

2. The notice for an appeal does not state any fact for an appeal.

3. No bond was given by the executor.

4. The application for an appeal was not sworn to.

We see no force in these objections. The statute does not require any formal issue to be taken, or formal objection to be made, before the commissioners; neither does it require the application to set forth a formal statement of facts, nor that the application be sworn to. No bond is required when the appeal is taken by the executor, but only when it is taken by a claimant against the estate. How. Stat. §§ 5907-5909.

2. No claim is now made for the $300, but contestants insist that the $500 was merely a loan to their mother, and that it was agreed at the time of the conveyance of the land to them, and the execution of the mortgage to her, that the money should be returned to them upon her death. The evidence upon the part of the contestants fails to sustain this claim. Aside from the deed and mortgage, which upon their face show that

the money became absolutely the property of Mrs. Winter, the claim of the contestants rests entirely in parol, and the sole evidence to support their claim comes from interested parties, who testified to Mrs. Winter's statement of the transaction, after she is dead and cannot be heard. But their own version of the matter does not sustain their claim. Mr. Zoellinger, the husband of contestant Barbara, being asked to state what Mrs. Winter said about deeding the property, replied:

" The mother said that the 55 acres she would give to the two daughters. Then the mother said she didn't have any ready cash money on hand. Then we said we would give her as much money as she wanted. Then she said she wanted $500, and $300 for a grave-stone; and then Hammling said that from that mony she wouldn't have any right to give it to any one else; and then the mother said that when she died she wouldn't take anything with her, and it would remain over; would go to the children. That was all the talk."

Mr. August Hammling gives substantially the same version of the conversation. If we grant that all this was said, it did not create the relation of debtor and creditor between them. This all happened before the execution of the deed and mortgage. While the question is not raised by counsel, yet, *quære*, are not these conversations merged in the deed and mortgage, which constitute written contracts between the parties, and therefore incompetent to change the plain meaning of those contracts? It is also significant that when these conveyances were executed in the presence of third parties, and the money paid, not a word was said about the arrangement now set up. This $500, under the evidence, became the sole and absolute property of Mrs. Winter, and the circuit court was correct in directing a verdict.

Judgment affirmed.

The other Justices concurred.