BARTLETT v. WAYNE CIRCUIT JUDGE.

PROBATE COURTS—APPEAL—BOND—APPROVAL—CONSTRUCTION OF STATUTE.

3 Comp. Laws, § 9386, provides that any executor, administrator, or creditor may appeal from the decision and report of the commissioners on claims in the probate court to the circuit court, if application for such appeal is filed in the probate office within 60 days from the return of the report. Section 9387 provides that, on appeal by a claimant, he shall, "within the time aforesaid, and before such appeal shall be allowed, give a bond to the adverse party, * * * to be approved by the judge of probate, and filed in his office." Section 9395 provides that, when an executor or administrator declines to appeal, any person interested in the estate as creditor, heir, etc., may do so, in the same manner as the

executor or administrator might have done, providing that such appellant shall, "before the appeal shall be allowed, give a bond, to be approved by the judge of probate." *Held,* that, to perfect such an appeal by an heir, the appeal bond must be first approved by the judge of probate, and then filed within the time prescribed.

*Mandamus* by Frank W. Bartlett to compel Robert E. Frazer, circuit judge of Wayne county, to dismiss an appeal from commissioners on claims in probate court. Submitted March 30, 1903. (Calendar No. 19,763.) Writ granted June 30, 1903.

*George W. Radford,* for relator.

*Leo M. Butzel* and *Clyde I. Webster,* for respondent.

MONTGOMERY, J. This is an application for *mandamus* to require respondent to vacate an order refusing to dismiss an appeal from a determination of commissioners on claims in the probate court. The facts upon which the motion was based are these: The last day on which an appeal would be allowed by law to be taken was August 30, 1902. The administrator of the estate had not taken an appeal, and was on that day absent from the city. The heirs interested in the estate sought to take an appeal. The probate judge was also absent, and the circuit judge, Joseph W. Donovan, was communicated with, and stated that he would approve the bond on appeal and grant the appeal. This order was not, in fact, entered by him until September 2d, after the period for appeal had elapsed. Subsequently an *ex parte* application was made, and granted, for an extension of time for taking the appeal; but, as no attempt is made to sustain this *ex parte* action, no further reference will be made to that. The circuit judge refused to dismiss the appeal, on the ground that the action taken by Judge Donovan was valid.

The sections of the statute which must be construed are sections 9386, 9387, and 9395, 3 Comp. Laws. They are as follows:

"SEC. 9386. Any executor, administrator, or creditor may appeal from the decision and report of the commissioners to the circuit court for the same county, if application for such appeal be made in writing, filed in the probate office within sixty days after the returning of the report of the commissioners.

"SEC. 9387. In case of an appeal by a claimant against the estate, he shall, within the time aforesaid, and before such appeal shall be allowed, give a bond to the adverse party, with sufficient surety, to be approved by the judge of probate, and filed in his office, with a condition that he shall prosecute his appeal to effect, and pay all damages and costs which may be awarded against him on such appeal."

"SEC. 9395. When an executor or administrator declines to appeal from the decision of the commissioners, any person interested in the estate as creditor, devisee, legatee, or heir, or any surety or sureties in the executor's or administrator's bond, may appeal from such decision in the same manner as the executor or administrator might have done, and the same proceedings shall be had, in the name of the executor or administrator: *Provided*, that the person appealing in such case shall, before the appeal shall be allowed, give a bond, to be approved by the judge of probate, as well to secure the estate from damages and costs, as to secure the intervening damages and costs to the adverse party."

It is claimed by respondent's counsel that, when the heirs at law filed a sufficient claim and bond on appeal, it then became the duty of the probate judge to act upon it, and that all that the appellant is required to do is to present the bond, properly executed, together with the claim of appeal, within the time fixed by the statute.

We think this contention cannot be allowed. The appeal is to be taken in the same manner as provided for the executor, and, under either section 9395 or 9387, the requirement is that the person appealing shall, before the appeal shall be allowed, give a bond, to be approved by the judge of probate; and we think a correct reading of the statute contemplates that this approval shall be had before the bond is filed. Similar statutes require an approval of the bond on appeal from justice's court, and,

so far as we are advised,—the practice has always been that these bonds have been approved before the time for appeal has elapsed.

We think the *mandamus* should issue.

HOOKER, C. J., MOORE and GRANT, JJ., concurred. CARPENTER, J., did not sit.