McNAMARA v. KENT PROBATE JUDGE.

APPEAL AND ERROR—APPEAL FROM PROBATE COURT—BOND—AP-
PROVAL—NECESSITY BEFORE FILING.

Under sections 669, 670, 1 Comp. Laws, providing for appeals
from probate court, the bond on appeal must be approved be-
fore filing, and must be filed with the notice or claim of
appeal.

Mandamus by James McNamara to compel Harry D.
Jewell, probate judge of Kent county, to approve an
appeal bond. Submitted July 7, 1908. (Calendar No.
22,931.) Writ denied September 10, 1908.

*Black, Reasoner & Hayden*, for relator.

*Thomas P. Bradfield* (*Kleinhans' & Knappen*, of
counsel), for respondent.

MONTGOMERY, J.   On the 10th of April, 1908, an order
was entered in the probate court for the county of Kent
in the matter of the estate of Mary McNamara, deceased,
licensing the Michigan Trust Company, as administrator
of said estate, to sell a certain parcel of real estate owned
by the deceased in her lifetime.   On the 9th of June, 1908,
the petitioner appeared in the probate office, the judge not
being present; he having at some time on that day left the
county of Kent.   The petitioner thereupon filed a claim
of appeal and a bond in the penalty of $200.   The bond
was not approved by the judge of probate, nor by either
of the circuit judges, who might have acted in the absence
of the judge of probate.   Subsequently, upon the bond
being brought to the attention of the probate judge, he
fixed a date for hearing the parties, and, upon that hear-
ing, determined that he had not the power to approve the
bond after the lapse of the 60 days' time provided by statute

for the appeal.    Mandamus is now sought to compel him to approve the bond filed as hereinbefore stated.

The question is controlled by sections 669, 670, 1 Comp. Laws, which read as follows:

"(669) SEC. 25.  In all cases not otherwise provided for, any person aggrieved by any order, sentence, decree or denial of a judge of probate, may appeal therefrom to the circuit court for the same county, by filing a notice thereof with the judge of probate within sixty days from the date of the act appealed from, with his reasons for such appeal, together with such bond as is required in the next section.

" (670) SEC. 26.    The party appealing shall, at the time of filing notice thereof, file with the judge of probate a bond to the adverse party, in such penalty, with such surety or sureties as the judge of probate shall approve, conditioned for the diligent prosecution of such appeal, and the payment of all such damages and costs as shall be awarded against him, in case he shall fail to obtain a reversal of the decision so appealed from."

It is contended by the relator that it is not required that the bond shall be approved before it is filed with the probate judge, but that it may be filed and approved at some later date.   Clearly there is no express provision of the statute that the bond may be approved at a later time, and, unless the bond is required to be approved when filed, there is no legislative provision regulating in any manner the time of its approval.   We think the language of the statute is as clear as is the statute—sections 9387 and 9395, 3 Comp. Laws—construed in *Bartlett* v. *Wayne Circuit Judge*, 133 Mich. 604.   Section 669 requires, not only that the claim of appeal shall be filed within 60 days, but that it shall be filed *together with* such bond as is required in the next section.   The next section then provides that the party appealing shall, *at the time of filing notice thereof*, file with the judge of probate a bond to the adverse party in such penalty and with such sureties as the judge of probate shall approve, etc.   Unless the bond is at that time approved, both as to its sureties and as to its penalty,

it *cannot be filed at the time of filing the notice as an approved bond.* The language is not ambiguous. The relator has failed to comply with the terms of the statute.

The mandamus is denied.

Ostrander, Hooker, Moore, and McAlvay, JJ., concurred.