SOKUP *v.* DAVIS' ESTATE.

1. Courts—Appeal from Probate to Circuit Court—Notice—Statutes—Mandatory Provision—Waiver.

   Where notice of appeal to the circuit court from the probate court was not served on the adverse party within 15 days from the date of the order directing the manner of such service, as required by section 9, chap. 65, of the judicature act (3 Comp. Laws 1915, § 14153), the circuit court was without jurisdiction to hear the case or render a judgment; said section of the statute being mandatory, and there being no claim that service of . notice was waived.

2. Same—Impeachment of Record—Practice.

   On such appeal, no certificate of the probate judge or affidavit of any person may be considered as impeaching the record of the probate court; the proper practice requiring an amendment of the return if the facts are not therein stated truly.

3. Same—Approval of Appeal Bond—Time.

   Where the appeal bond was not approved by the probate judge within 20 days after the return of the commissioners on claims, as required by section 3, chap. 65, of the judicature act (3 Comp. Laws 1915, § 14147), and the time was not extended by the probate judge, the circuit court was without jurisdiction to hear the case.

4. Same—Jurisdiction—Waiver.

   Jurisdiction of the circuit court was not waived by defendant by taking part in the trial, where repeated motions were made to dismiss the appeal, and at the trial objection was made to the introduction of any evidence by plaintiff.

Error to Kent; Brown, J. Submitted April 24, 1919. (Docket No. 55.) Decided May 29, 1919. Rehearing denied July. 18, 1919.

Frank J. Sokup presented a claim against the estate of Albert L. Davis, deceased, for services rendered. The claim was disallowed by the commissioners, and

plaintiff appealed to the circuit court. Judgment for plaintiff. Defendant brings error. Reversed, and no new trial ordered.

*C. Sophus Johnson* (*Louis T. Herman*, of counsel), for appellant.

*Charles E. Ward*, for appellee.

STONE, J. This case involves questions of practice in an appeal from the disallowance of a claim by commissioners on claims in the probate court. On October 6, 1917, the plaintiff filed his claim for services against said estate, with the commissioners on claims, which was disallowed. The commissioners' report was dated January 7, 1918. On the same day on filing the report the probate court made an order for the payment of certain claims which had been allowed. On January 24, 1918, the plaintiff filed a notice of appeal with the probate court, and on the same day the record shows an order to have been made by the probate court directing service of notice of the appeal. That order, after its proper entitling in the court and estate, reads as follows:

"Frank J. Sokup, having filed in said court notice of, and reasons for appeal to the circuit court for said county from the order of said court made on the 7th day of January, 1918, and the said Frank J. Sokup having given a bond on such appeal, which has been duly approved, it is ordered that notice of said appeal be given to Effie N. Davis, executor of said estate, by personal service of a certified copy of this order and of said notice for appeal." Signed by the probate judge.

The statute gave plaintiff 15 days from the date of said order to give notice of appeal to the defendant. The notice of appeal was given to, and served on, defendant on February 9, 1918. The statute also gave

plaintiff 20 days from January 7, 1918, in which to make application for an appeal to the circuit court. The record shows that the appeal bond was approved on the 24th day of January, 1918. An exemplification of the record, signed by the register of probate and bearing date February 9, 1918, certifies to the correctness of the notice of appeal, the order directing notice of appeal, the bond on appeal, and so forth, to be a correct transcript of the original records. The transcript having been filed in the circuit court, counsel for defendant, on March 6, 1918, entered a motion to dismiss the appeal for the reason that the notice of appeal, with reasons therefor, was not given by said Frank J. Sokup within the time directed by the statute in such case made and provided; and the motion was based upon the files and records in said cause. This motion was denied in the circuit court on March 18, 1918. A certificate was filed by the judge of probate, March 18, 1918, certifying that at the time of the notice of appeal and the appeal bond were filed by Frank J. Sokup in relation to his claim against said estate, no approval of said bond and no order for service was immediately made. He certified that on examining the bond he was uncertain whether the surety was a married woman, and on that account he did not approve said bond immediately; that the attorney for the estate made objection to the bond, and the matter of said approval was delayed several days. He was unable to state more definitely just how many. He further certified that the order for service and approval of the bond was afterwards dated as of the day when application for appeal was made; that said order for service was not made and ready on the day it bears date, neither was said bond approved on said day; and there was therefore no order which could have been served by appellant on the 24th day of

January, 1918, the day of the application for appeal, and for several days thereafter.

The record also shows an affidavit of Carrie H. Emery, sworn to March 13, 1918, in which she states that she is a clerk in the office of Charles E. Ward, attorney for Frank J. Sokup in the case; that said Ward was employed by said Sokup to appeal from the decision of the commissioners on claims; that under his direction she caused to be prepared a claim of appeal and appeal bond, and caused same to be filed in the probate court for the county of Kent on the 24th day of January, 1918; that within three or four days thereafter she called said probate court and talked with a clerk therein, asking when she could get the order for service; that said clerk informed deponent that the said order had not yet been made, for the reason that the judge had not yet approved the appeal bond; that on several occasions thereafter she called the probate court in the same matter, and was as often told that said bond had not yet been approved and said order not yet prepared; that some time in the week of February 9, 1918, she again called the said court, talked with the clerk, and again asked about the matter, and was again told that said bond had not been approved or the order prepared; that she then asked the clerk what the reason was, and she was informed that there was some doubt in the mind of the judge about the surety, and that the judge wanted to inquire of the deponent about her; that deponent talked with Judge Higbee over the telephone and informed him that the surety on said bond was an unmarried woman, and gave him such information as he desired in regard to her property; that within two or three days thereafter, and on the 9th day of February, 1918, deponent was informed that said bond had been approved and said order of service made, and that the necessary papers were ready for service;

and thereupon said Ward gave direction that said papers be served immediately, and that service and proof thereof was accordingly made; that deponent had knowledge of the service of said papers and administered the oath to the person who made the service, and had knowledge of the filing thereof in the office of the clerk of the circuit court for the county of Kent; deponent therefore says that said service was made within 15 days after said order of service was made.

Thereupon, on March 20, 1918, defendant's counsel entered a second motion to dismiss the appeal. That motion embraced the same reason which was assigned in the first motion, and also the following:

"That the appeal bond of the said Frank J. Sokup in said matter was not brought to the attention of, and approved by the probate judge for the county of Kent on or before the 27th day of January, 1918, the date of the expiration of the time for appeal in said court; in fact said appeal bond was not approved by said probate judge and filed until several days after the date of the expiration of the time for taking an appeal, as provided by statute, and as more fully shown by the certificate of Clark E. Higbee, judge of probate of said county, hereto attached."

The attached certificate of the judge of probate bears date the 20th day of March, 1918, and, after proper entitling, is as follows:

"I, Clark E. Higbee, judge of the probate court for the county of Kent, do hereby certify that the appeal bond of Frank J. Sokup on his appeal from the decision and report of the commissioners on claims of said estate, was not brought to me for my approval on or before January 27, 1918, but was brought to me for approval, and was approved by me several days *after* the 27th day of January, 1918."

The second motion to dismiss the appeal was denied by the circuit court on the 29th day of March, 1918. Defendant's counsel then applied to this court for a

writ of certiorari to review the proceedings. That writ was denied by this court on April 12, 1918.

It is stated by counsel for the plaintiff, in his brief, that upon the denial of the second motion the circuit judge stated that he did not know of the affidavit or first certificate upon the hearing of the first motion, and that he could pay no attention to the certificates of the probate judge in any way conflicting with his return to the circuit court upon appeal; and that he therefore should dismiss the second motion without regard to the extra certificates of the probate judge, or the affidavit of Miss Emery. It is said that the circuit judge held it incompetent to impeach the return of the probate court by certificates made by the probate judge after such return, and in conflict therewith, and stated that if the return did not state the facts truly, the proper course was to move for an amendment of the return.

The case proceeded to trial in the circuit court, beginning on October 22, 1918. Upon the swearing of the first witness for the plaintiff, or claimant, defendant's counsel called the attention of the court to the motions which had been already made in the cause, and said:

"We object to any testimony being given on the part of the plaintiff because it is our contention that the plaintiff has no standing in this court for these reasons,"

—then repeating the reasons as set forth in the second motion. Whereupon the trial court overruled the objection, and the case proceeded to trial. The plaintiff conducted an examination of the witnesses, who were also cross-examined by the defendant, and after the plaintiff rested, the defendant, to maintain the issue on its part, produced witnesses, who were duly examined and cross-examined, and the case was sub-

mitted to the jury under instructions of the court, and the jury rendered a verdict in favor of the plaintiff for $1,110.02, upon which judgment was duly entered.

The defendant has brought the case here upon writ of error, and the first assignment of error is that:

(1) The court erred, over objection of counsel, in permitting plaintiff to introduce any testimony in the case.

(2) The court erred in denying defendant's motion when defendant objected to the introduction of any testimony for the reasons:

(a) That notice of appeal, together with reasons therefor, was not filed by said Frank J. Sokup within the time directed by the statute in such case made and provided.

(b) That the appeal bond of said Frank J. Sokup in said matter was not brought to the attention of, and approved by the probate judge for the county of Kent on or before the date of expiration of the time for appeal in said court.

(3) The court erred in denying defendant's motion to dismiss said appeal for the reasons stated in the previous assignment of error.

1. It is the claim of the appellant here that the judgment rendered in the court below should be reversed because of the first assignment of error, for the reason that notice of appeal was not served by said Frank J. Sokup within the time directed by the statute, the circuit court having no jurisdiction to hear the case or render a judgment.

Section 9 of chapter 65 of the judicature act (3 Comp. Laws 1915, § 14153) is as follows:

"The appellant shall give notice of such appeal to the adverse party, with his reasons therefor, in such manner as the probate court shall direct, within fifteen days from the date of the order directing the manner of such service unless the adverse party shall, in writing, filed in the circuit court, waive such notice."

Here, as appears by the record, the notice of appeal was not served on the defendant, or adverse party, within 15 days, as shown by the proof of service. The order of the probate court, as appears by the journal entry bearing date January 24, 1918, directed notice of the appeal to be given personally. As appears by the record, this notice was not given until February 9, 1918, more than 15 days from the date of the order. There is no claim that the defendant waived notice of the service. We think the statute requiring this service within a certain time is mandatory, and one affecting the jurisdiction of the circuit court. *Merriman* v. *Jackson Circuit Judge,* 95 Mich. 277; *Bennett* v. *Hickey,* 110 Mich. 628; *Hosey* v. *Ionia Circuit Judge,* 120 Mich. 280.

It will be observed that no motion was made for a delayed appeal in this case. The plaintiff was content to stand upon the orders of the circuit court denying the motions to dismiss the appeal. We agree with what was said to have been stated by the circuit judge who heard these motions, that the certificates of the probate judge cannot be considered as impeaching the records of the probate court. It appears by the journal entry and the approval of the bond, on January 24, 1918, that certain acts were performed on the days therein named. No certificate of the probate judge, or affidavit of any person can be considered as impeaching this record. If the facts are not there stated truly, the proper practice would have required an amendment of the return. We are constrained, therefore, to hold that the first point relied upon by appellant, that the service of notice of appeal to the adverse party was not made within the time required by the statute. is well taken. This was a matter affecting the jurisdiction of the circuit court that could be raised at any time in the subsequent progress of the case. It was raised and urged on at least three occasions.

2. Were we to consider and give effect to the certificates of the probate judge the plaintiff would be in no better position, for it would then appear that the approval of the bond instead of being upon the 24th day of January, 1918, as appears by the record, was *after* the 27th day of January, 1918, more than 20 days from January 7, 1918, when the order was made approving the report of the commissioners on claims. Section 3 of the same chapter (3 Comp. Laws 1915, § 14147) provides as follows:

"Any  *  *  *  creditor may appeal from the decision and report of the commissioners on claims, to the circuit court for the same county, if application for such appeal be made in writing, filed in the probate office, within *twenty* days after the returning of the report of the commissioners: *Provided*, the probate judge may extend the time for taking such appeal as provided in section one of this chapter."

The decisions of this court relating to the necessity of the approval of the bond within the statutory period are very clear. *Bartlett* v. *Wayne Circuit Judge*, 133 Mich. 604; *McNamara* v. *Kent Probate Judge*, 154 Mich. 201.

So in any view which we are able to take of the case, we are constrained to hold that the circuit court was without jurisdiction, and that the motions to dismiss the appeal should have been granted. This is not·a case where an application for a delayed appeal has been made and considered by the circuit court. It is a case where that court has failed to obtain jurisdiction of the case, by reason of noncompliance with the statutory requirements. It cannot be that this objection was waived by the defendant by taking part in the trial, especially where, as here appears, repeated motions were made to dismiss the appeal, and at the trial objection was made to the introduction of any evidence by the plaintiff. Under the statutes and

authorities, we cannot do otherwise than to hold that the appeal should have been dismissed by the court below.

The judgment is therefore reversed and no new trial granted, with costs to the appellant.

BIRD, C. J., and OSTRANDER, MOORE, STEERE, BROOKE, FELLOWS, and KUHN, JJ., concurred.