FLOWERS *v.* WAYNE PROBATE JUDGE.

1. Appeal and Error—Appeals From Probate Court—Time.

On certiorari to review an order in mandamus proceedings to compel the judge of probate to allow an appeal from the decision in an executor's final account, and to approve an appeal bond, where it appears that said decision was rendered on January 3d and notice of appeal with reasons therefor and an appeal bond were left with the probate court on January 20th, but the surety on said bond did not justify until January 24th, the probate judge

not having been requested to nor having fixed the amount of said bond, the appeal was not perfected within 20 days as required by the judicature act (3 Comp. Laws 1915, § 14145), and said order will be reversed.

2. SAME—CERTIORARI—INTEREST OF PROBATE JUDGE.

The probate judge has such an interest in the proceedings as to authorize him to bring certiorari, and the motion to dismiss same is overruled.

3. SAME—PROBATE COURTS—EXTENSION OF TIME—ABUSE OF DISCRETION.

*Held*, under the showing made, that it was an abuse of discretion on the part of the probate judge to refuse an extension of time in which to make an appeal, under 3 Comp. Laws 1915, § 14145.

BIRD, C. J., dissenting.

Certiorari to Wayne; Goff (John H.), J. Submitted October 7, 1919. (Calendar No. 28,750.) Decided December 22, 1919.

Mandamus by Charles Flowers, executor of the will of Jane Armstrong, deceased, to compel Edward Command, probate judge of Wayne county, to vacate an order denying an appeal. From an order granting the writ defendant brings certiorari. Reversed, and order vacated. Plaintiff also filed a motion to dismiss the writ of certiorari. Motion denied.

*Bishop & Kilpatrick*, for appellant.

*William Look*, for appellee.

MOORE, J. We have two motions before us which were argued as one and will be considered in the same way. The first of them is certiorari to Hon. John H. Goff, circuit judge, to review his order allowing writ of mandamus directed to judge of probate, defendant herein, requiring him to allow the plaintiff to appeal from his decision on the final account of plaintiff as executor in the matter of the estate of Jane Arm-

strong, deceased, and to approve the bond filed therein. The other motion is one to dismiss the writ of certiorari as improvidently issued because the defendant had no interest in the litigation. The facts are not in dispute. A supplemental final account on October 3, 1918, showing a balance due said estate of $5,009.59 was filed by Mr. Flowers. On January 3, 1919, defendant rendered his decision finding the sum of $8,827.39 due from the said executor to said estate. January 20, 1919, William Look, attorney for the executor, left with the probate court a written notice and reasons for appeal from the said order of the probate court, and a bond on appeal in the sum of $300, signed by Frederick T. Ranney, as surety. Mr. Ranney did not justify as surety. The bond was submitted in the usual course of business to defendant, as probate judge, for approval, at which time defendant discovered that the surety had not justified, defendant caused said bond, together with the notice and reasons for appeal, to be mailed to the attorney for said executor on the afternoon of the 23d of January. These papers came to Mr. Look on the morning of the 24th day of January, and on the same day the attorney for the executor tendered to defendant, as probate judge, for approval and filing, a proposed bond on appeal in the sum of $300, with Frederick T. Ranney, who had justified as surety, and on said mentioned date defendant refused to approve the said bond. On January 31, 1919, Mr. Flowers, executor, filed a petition in the probate court, seeking an extension of time to make and perfect an appeal from the aforesaid order, and upon the petition coming on to be heard on February 27, 1919, defendant declined to grant an extension of time. On March 6, 1919, Mr. Flowers caused a petition to be filed in the circuit court for the county of Wayne, praying that a writ of mandamus issue to defendant. Praying among other things as follows:

"that a writ of mandamus may issue to the Honorable Edward Command, judge of probate as aforesaid, commanding him to allow and approve of your petitioner's claim and bond on appeal or that he grant the extension of forty days for taking and perfecting such appeal as provided by section 1, chapter 65 [3 Comp. Laws 1915, § 14145 *et seq.*], entitled 'Of Appeals From the Probate Court,' and that such other order may be had in the premises as justice may require."

An answer was filed by the defendant in which the following was stated:

"On February 27th, 1919, your petitioner declined to grant an extension of time to file notice and claim of appeal, and bond on appeal and upon the facts and evidence before respondent, respondent shows that he was warranted and legally justified in so doing. Respondent further shows that relator had had a full and fair hearing upon the allowance of his final account, and the determination of the amount due from relator to said estate was just and equitable and in accordance with the facts and evidence in the case, and that relator's disobedience of the repeated orders of the probate court and relator's dissipation of the assets of said estate and mismanagement of said assets fully justified and legally warranted the discretion of respondent in declining to grant an extension of time as prayed by relator; and that it did not appear to respondent that justice required a revision of the aforesaid order of the probate court."

After a hearing the court ordered defendant, among other things, to forthwith allow the said claim and notice of appeal, and also approve of the bond in the sum of $300. Nothing was said in the order about whether the probate judge should have granted an extension of time in which to grant an appeal.

In section 1 of chapter 65 of the judicature act (3 Comp. Laws 1915, § 14145), are the provisions relating to the taking of appeals to the circuit court from the probate court, and to the granting of the extension of time by the probate judge for the taking of

appeals. The bond referred to in that section is mentioned in detail in section 14152. It would have been a proper thing to do for the probate judge, instead of returning the papers filed as aforesaid to the attorney in the afternoon of the last day for taking an appeal, to have had his register call the attention of the attorney to the defect in the bond and give him an opportunity to correct the defect if he could within the 20 days, but this was not done and we feel bound to say that the appeal was not perfected within the 20 days, the probate judge not having been requested to, nor having fixed the amount in which such bond should be given (see *Sokup* v. *Davis' Estate*, 206 Mich. 144), and that the order of the circuit judge in that respect is wrong. We also think, upon the showing made, that it was an abuse of discretion on the part of the probate judge to refuse an extension of time in which to make an appeal, and if the circuit judge had so held we should have approved his order, but he did not so hold.

The defendant has such an interest in the proceeding as to authorize him to bring certiorari and the motion to dismiss the certiorari proceedings is overruled.

We are constrained to hold that the order of the circuit judge for mandamus must be reversed and vacated with costs to the defendant. This ruling is made without prejudice to the right of Mr. Flowers to petition the circuit court for a delayed appeal under the provisions of section 14156, 3 Comp. Laws 1915.

SHARPE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred with MOORE, J.

BIRD, C. J. (*dissenting*). I am unable to agree with the conclusion reached by Mr. Justice MOORE in this case. The notice of appeal and bond were filed within the 20 days allowed by law. There is no claim that

the notice was defective but it is conceded that the bond was defective because no justification of the surety was indorsed thereon. Three days after the bond was filed the defect was called to plaintiff's attention, whereupon he at once caused it to be corrected, but not until after the 20 days had expired. It was, in my opinion, just such situations as this that moved the legislature to enact the following provisions:

"(12486) SEC. 9. No appeal shall be dismissed on account of any informality or imperfection in the bond, affidavit or other proceedings, for the taking of such appeal, if plaintiff shall either by amendment, or by furnishing a new bond, affidavit or other paper, supply the deficiency or defect.

"(12487) SEC. 10. Whenever a bond is or shall be required by law to be given by any person, in order to entitle him to any right or privilege conferred by law, or to commence any proceeding, it shall not be necessary for such bond to conform in all respects to the form thereof prescribed by any statute, but the same shall be deemed sufficient if it conforms thereto substantially, and does not vary in any matter to the prejudice of the rights of the party to whom or for whose benefit such bond shall have been given.

"(12488) SEC. 11. Whenever such bond has been heretofore, or shall hereafter be given, and shall be defective in any respect, the court, officer, or body who would be authorized to receive the same, or to entertain any proceedings in consequence of such bond, if the same had been perfect, may, on the application of all the obligors therein, amend the same in any respect, or may, on the application of the person required to give such bond, allow a new one to be substituted in the place thereof, bearing date at the time when such bond was required to be given, and such bond shall thereupon be deemed valid from the time of the execution of such defective bond. When application is made to amend, said court, officer, or body shall have power to amend such bond in any respect, and without regard to the particular amendment applied for, so as to make said defective bond such a

one as might have been required when the latter was given. When a new bond is allowed, it shall be such in form, penalty, and other respects, as might have been demanded when the defective bond was given." 3 Comp. Laws 1915, §§ 12486-12488.

It is clear that these sections contemplate that a defective bond may be corrected or a new one filed, and it is equally clear that when this is done, it shall have relation back to the time when the original or defective one was filed, and have the same force and effect it would have had if no defect had existed. If it does not mean this, why was the provision inserted in section 12488 that the court may *"allow a new one to be substituted in the place thereof, bearing date at the time when such bond was required to be given, and such bond shall thereupon be deemed valid from the time of the execution of such defective bond."* Indeed, it would be difficult for language to make it plainer. This section said to plaintiff, in substance: "Correct the defect in your appeal bond or file a new one, and after doing so you may date it back within the 20 days provided for appeal." If we hold that plaintiff's corrected bond came too late to authorize an appeal, how will we construe this provision and what will we say is the meaning of the words "such bond shall thereupon be deemed valid from the time of the execution of such defective bond?" It is obvious that this legislation was passed for the purpose of preventing appeals being lost by reason of defective bonds, where the opposite party is not thereby prejudiced, and it seems to me that these sections are directly applicable to the present case. If we are to say that they are not available in any case where the corrected or substituted bond is not filed until after the time for appeal has expired, then the legislation is in vain because if one discovers the defect before the time for appeal has expired he could file a new bond without the aid of the statute.

Some point is made by the respondent in his return that he was never requested to fix the penalty of the bond, and the inference to be drawn therefrom is that had he been so requested he would have exercised his discretion under section 14152, and ordered a bond in compliance therewith. This section provides that where a final account is the subject of appeal the court "may, in its discretion, fix the penalty of the bond in such sum as will cover the amount found due by the probate court upon examination of such account." * * * Had the defendant intended to exercise his discretion in this appeal and require a compliance with the foregoing provision, he should have frankly advised plaintiff to that effect, when he tendered the corrected bond. The only reason respondent assigned for refusing to file the bond was because no justification by the surety was indorsed thereon. There is no claim that a bond in the penalty of $300 is not sufficient to take care of the costs of appeal, and inasmuch as plaintiff has on file in his court a $15,000-bond, and less than $9,000 are here involved, the estate would not be seriously prejudiced by reason of a failure to invoke this provision.

I am impressed that plaintiff has done everything which the statute requires him to do in order to effect his appeal. The trial court was of that opinion and I think its order should be affirmed.