## JAMISON v. ISABELLA CIRCUIT JUDGE.

1. EXECUTORS AND ADMINISTRATORS—APPEAL FROM PROBATE COURT —APPEAL BOND.

Under 3 Comp. Laws 1915, § 14152, an executor appealing from the decision and report of commissioners on claims is required to file a bond.

2. MANDAMUS—EXECUTORS AND ADMINISTRATORS—APPEAL BOND
   —DISMISSAL.
>   Mandamus will issue to compel the circuit judge to dismiss
>   an appeal by an executor from the decision and report
>   of commissioners on claims where no appeal bond was
>   filed in accordance with 3 Comp. Laws 1915, § 14152.

Mandamus by Kate Jamison to compel Ray Hart,
circuit judge of Isabella county, to vacate an order
denying a motion to dismiss an appeal. Submitted
February 14, 1922. (Calendar No. 30,112.) Writ
granted March 30, 1922.

*Frank M. Burwash,* for plaintiff.

*Joseph Schnitzler* (*F. H. Dusenbury* and *H. A. Sanford,* of counsel), for defendant.

CLARK, J. Must an executor appealing from the
decision and report of commissioners on claims file a
bond on appeal in accordance with section 14152, 3
Comp. Laws 1915? The circuit judge answered this
in the negative, and declined on motion to dismiss such
an appeal taken by an executor without filing the
bond. We are asked by mandamus to cause such dis-
missal.

The circuit judge and counsel rely upon the case of
*Winter* v. *Winter,* 90 Mich. 197, decided in 1892, where
it was held that an executor appealing from a decision
of commissioners on claims was not required to file
a bond. But there is an important difference in the
statutes of that day and the present. Then there
was a special statute relating to appeals from decisions
of the commissioners (2 How. Stat. §§ 5907, 5908),
by which a bond on appeal was required of an appeal-
ing claimant but not of an appealing executor. At
that time other appeals from probate court were pro-
vided for by 2 How. Stat. §§ 6779 and 6780 *et seq.*
Sections corresponding to sections 5907, 5908, are

found again under the head "of appeals from the decision of commissioners" in the compilation of 1897 as sections 9386 and 9387.   And sections similar to 6779 and 6780 appear in the compilation of 1897 as sections 669 and 670.

But by chapter 65 of the judicature act of 1915 a uniform procedure respecting appeals from probate court was provided (Cummins and Beecher, Judicature Act, p. 45).   The old section (5908, 2 How. Stat., and 9387, 3 Comp. Laws 1897) was dropped and the other sections were substantially re-enacted.   Appeals from probate court are now governed by 3 Comp. Laws 1915, § 14145 *et seq.*

The statute is plain.   It now provides no exception in favor of an executor in respect to a bond in appealing from the decision of commissioners on claims, as did the statute in force when the opinion in the *Winter Case* was written.   The question first suggested must be answered affirmatively.   See *Sokup* v. *Davis' Estate,* 206 Mich. 144; *Newell* v. *Kalamazoo Circuit Judge,* 215 Mich. 153.

The writ will issue.

FELLOWS, C. J., and WIEST, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.

The late Justice STONE took no part in this decision.