In re ALSTON'S ESTATE.

BELCHER v. JAMISON.

1. EXECUTORS AND ADMINISTRATORS—ALIEN NOT DEPRIVED OF RIGHT TO DELAYED APPEAL FROM ALLOWANCE OF CLAIM.

An alien is not deprived of the benefit of the statute authorizing a delayed appeal from the allowance of a claim against an estate (3 Comp. Laws 1915, § 14158) merely because he is an alien.[1]

2. APPEAL AND ERROR—RIGHT JUDGMENT NOT REVERSED BECAUSE WRONG REASON GIVEN.

A judgment which is right will not be reversed because a wrong reason is given by the trial judge.[2]

3. EXECUTORS AND ADMINISTRATORS—OBJECTION THAT JUSTICE DOES NOT REQUIRE REVISION OVERRULED.

The objection that justice does not require a revision of the case is overruled, in view of the facts set up in the petition, together with the questionable form of the allowance.[3]

4. SAME—PETITION SWORN TO IN FOREIGN STATE A NULLITY WHERE NOTARY'S SIGNATURE NOT PROPERLY AUTHENTICATED.

A petition for a delayed appeal from the allowance of a claim against an estate under 3 Comp. Laws 1915, § 14158, sworn to before a notary public in a foreign State, where compliance was not had with section 12502 as to authentication of the signature of the notary public, was a nullity and could not be considered by the trial judge.[4]

Certiorari to Isabella; Hart (Ray), J. Submitted October 10, 1924. (Docket No. 65.) Decided December 31, 1924.

Blanche Belcher filed a petition for special leave to appeal from the allowance of a claim by Kate Jamison against the estate of Delia Alston, deceased. From

---

[1]Executors and Administrators, 24 C. J. § 1072; [2]Appeal and Error, 4 C. J. § 2557; [3]Executors and Administrators, 24 C. J. § 1076; [4]Id., 24 C. J. § 1073.

an order denying the appeal and granting a motion to dismiss, petitioner brings certiorari.    Affirmed.

*F. H. Dusenbury,* for appellant.

*Frank M. Burwash,* for appellee.

FELLOWS, J.    Delia Alston died testate September 1, 1918, in Isabella county, and her will was in due course admitted to probate.    Blanche Belcher was named as a legatee.    Commissioners on claims were appointed and Kate Jamison presented a claim which was allowed in the following language:

"Entire estate after payment of debts and expenses."

An unsuccessful attempt to appeal from this allowance was made by the executor.    *Jamison* v. *Isabella Circuit Judge,* 217 Mich. 581.    The estate not having been closed, Blanche Belcher filed a petition for a delayed appeal under the provisions of section 14158, 3 Comp. Laws 1915, which reads as follows:

"If the petitioner shall be without the United States at the time of passing the decree or order, or making the determination, he may file his petition within three months after his return, provided it be done within two years after the act complained of; but no such petition shall be allowed after the payment of the debts of the estate and the distribution thereof to parties entitled thereto by due course of law."

The attorney for Kate Jamison moved for various reasons to dismiss the petition and such motion and the application for the delayed appeal were heard together.    Upon such hearing petitioner relied upon the petition alone and offered no other or further proof.    In opposition the probate files and the files in the case of the attempted appeal by the executor were received in evidence.    The petition was dismissed on the ground that petitioner was a resident of Winnipeg, Manitoba, Canada, an alien, and for that

reason not entitled to the benefit of the statute. There is sufficient in the record to sustain the finding of fact that Blanche Belcher is an alien but the court was in error in holding as matter of law that this fact deprived her of the benefit of the statute. *Mascitelli v. Union Carbide Co.*, 151 Mich. 693. This case is not cited in any of the briefs and doubtless was not called to the attention of the trial judge. In it cases from other jurisdictions which are here relied on to sustain the holding in the trial court are considered and held to be contrary to the weight of authority. As the opinion contains a citation and consideration of numerous authorities it will not be necessary to pursue the subject further.

This court has uniformly held that a judgment which is right will not be reversed because a wrong reason is given by the trial judge. This necessitates an examination of other grounds which were urged by the appellee in the court below and which are here repeated as grounds for sustaining the order. It is insisted that justice does not require a revision of the case. When we consider the facts set up in the petition together with the questionable form of the allowance, we are constrained to overrule this objection.

We have noted that in the court below appellant offered no testimony and rested her case entirely on the petition. This was sworn to before a notary public of Pembina county, North Dakota. The certificate of the clerk of the district court of that county did not authenticate the signature of the notary public and did not show that such notary public was authorized to administer oaths under the laws of that State. It is insisted that under our statute and the former decisions of this court such affidavit could not be considered. The judicature act, re-enacting former statutes, makes provision for using affidavits sworn to outside the State in judicial proceedings and fixes

the requisites which must be found in the certificate of the clerk to entitle them to be read.    Section 12502, 3 Comp. Laws 1915, provides:

"In cases where by law the affidavit of any person residing in another State of the United States, or in any foreign country, is required, or may be received in judicial proceedings in this State, to entitle the same to be read, it must be authenticated as follows:   *   *   *

"4. If such affidavit be taken in any other of the United States or any territory thereof, it may be taken before a commissioner duly appointed and commissioned by the governor of this State to take affidavits therein, or before any notary public or justice of the peace authorized by the laws of such State to administer oaths therein.    The signature of such notary public or justice of the peace, and the fact that at the time of the taking of such affidavit the person before whom the same was taken was such notary public or justice of the peace, shall be certified by the clerk of any court of record in the county where such affidavit shall be taken under the seal of said court."

We have already pointed out that the certificate of the clerk did not comply with this statute.    In *Berkery* v. *Wayne Circuit Judge*, 82 Mich. 160, this provision (then 2 How. Stat. § 7448, subd. 3) was before the court.    It was there said:

"The authority of notaries to administer oaths is usually conferred by statute, and does not pertain to their office by usage or custom. *Keefer* v. *Mason*, 36 Ill. 406; Proff. Not. § 21.    The affidavit of Bortz of the amount due was to be used in a judicial proceeding in this State.    To entitle it to be used it was necessary that it should have been certified under 2 How. Stat. § 7448, subd. 3.   *   *   *   The affidavit without such authentication was a nullity, and gave no jurisdiction to the clerk to file the transcript, or enter and docket the judgment."

The legislature has by mandatory provision fixed the requirements necessary to entitle an affidavit sworn

229—Mich.—31.

to outside the State to consideration. This court in the case cited has held that unless the requirements are met the affidavit is a nullity. Unless we overrule this case and by judicial legislation amend this statute, we must hold that the trial judge could not consider this affidavit. Without it he would not, of course, be authorized to grant the delayed appeal.

The order must be affirmed.

CLARK, C. J., and MCDONALD, MOORE, STEERE, and WIEST, JJ., concurred. BIRD and SHARPE, JJ., concurred in the result.