*In. re* ESTATE OF LELAND.

OBERT *v.* PRIEST.

1. EXECUTORS AND ADMINISTRATORS—COMMISSIONERS ON CLAIMS—
APPEAL TO CIRCUIT COURT.

Legatees' appeal from report of commissioners on claims allow-
ing a claim *held*, timely, where made within 20 days from time
supplemental report was filed after original report had been
returned to commissioners by probate judge (3 Comp. Laws
1929, §§ 15678, 15684, 15960, 15962).

2. APPEAL AND ERROR—EVIDENCE—AFFIDAVIT.

Claimant's contention that he was not served with copy of order,
allowing claim, appealed from by legatees *held*, refuted by
unimpeached affidavit of such service.

3. EXECUTORS AND ADMINISTRATORS—COMMISSIONERS ON CLAIMS—
OBJECTIONS TO CLAIM.

Objection to claim before commissioners on claims in probate
proceedings is timely where made before they have filed their
report and while they were still able to pass upon the claim
(3 Comp. Laws 1929, § 15961).

4. SAME—PAYMENT OF CLAIM—APPEAL AS OF RIGHT.

Contention that report of commissioners on claims was not ap-
pealable because claim was paid before objection was made
*held*, without merit where appeal was as of right and was
regularly taken within time provided for (3 Comp. Laws
1929, §§ 15960, 15962).

Appeal from Shiawassee; Collins (Joseph H.), J.
Submitted June 10, 1936. (Docket No. 80, Calendar
No. 39,026.) Decided September 2, 1936.

In the matter of the Estate of Helen I. Leland.
John C. Obert presented his claim. Harold Priest
and others objected thereto. From order allowing
claim, contestants appealed to circuit court. Appeal
dismissed. Contestants appeal. Reversed.

*Hicks & Des Jardins,* for claimant.

*Miner & Miner,* for contestants.

FEAD, J. This is review of an order dismissing an appeal to circuit court from allowance of a claim by commissioners on claims in probate court.

Appellants are legatees under the will of Helen I. Leland, deceased. The estate inventoried $3,500 real estate and $726.90 personal property. Commissioners on claims were appointed April 8, 1934, and gave notice of hearing of claims on June 8th and August 10th.

At the meeting of June 8th they allowed the claim of John C. Obert, father of the administrator, for $3,750, and claims for funeral expenses of $300 and for cost of last sickness, $23. They took their oaths as commissioners on June 20th, prepared report of allowance of claims on the same day and filed it June 25th.

June 19th, the administrator filed petition for license to sell real estate to pay debts. License was granted July 16th and, on the same day, the administrator reported sale to claimant Obert, and wife for $4,000. It is said Obert bid for the land in discharge of his claim. Sale was confirmed July 25th.

In August appellants' attorney complained to the probate judge of the proceedings and the judge returned to the commissioners the report they had filed.

September 20th they filed a "supplemental report," stating that they had filed return on June 25th, no other claims had afterward been presented, no meeting was held on August 10th, objection to the allowance of the Obert claim was filed August 18th and, on September 20th, attorneys for the parties had appeared before the commissioners, the at-

torney for claimant appearing specially and objecting to rehearing of the claim of Obert, and that they had declined to again hear the claim because they had no right to grant a new trial. The legatees filed application for an appeal October 4th, and it was allowed by the probate judge on October 8th.

Claimant moved in circuit court to dismiss the appeal and the motion was granted.

Claimant contends the appeal was properly dismissed because it was not filed within 20 days after the filing of the report of the commissioners on June 25th.

Section 15960, 3 Comp. Laws 1929, provides:

"Any executor, administrator or creditor, may appeal from the decision and report of the commissioners on claims, to the circuit court for the same county, if application for such appeal be made in writing, filed in the probate office within twenty days after the returning of the report of the commissioners."

A legatee also may appeal, 3 Comp. Laws 1929, § 15962; *Crouch* v. *Wayne Circuit Judges,* 52 Mich. 596.

In the warrant to the commissioners, the probate court allowed not less than four months for presentation of claims (3 Comp. Laws 1929, § 15678). Section 15684 provides:

"At the expiration of the time limited, or as soon thereafter as they shall have time to complete the hearing of the claims presented, the commissioners shall make a report of their doings to the probate court," etc.

The point before us has not before been decided in this State, although it has been held that one in

whose behalf appeal has been taken may be estopped from objecting to a premature report. *Johnson* v. *Estate of Johnson,* 66 Mich. 525. The statute does not contemplate a series of reports by the commissioners. It would be in the interest of orderly administration of the estate to have one official filing of the report of the commissioners, containing a full record of their proceedings and establishing a definite time for appeal therefrom. We think the language of the statute was so intended and should be so construed. The appeal in this case was timely.

Claimant's contention that no copy of order appealed from was served on him is effectually refuted by an unimpeached affidavit of such service.

Claimant also contends the appeal would not lie because no objection was made by the legatees to the claim of Obert before it was allowed by the commissioners or before the last day of hearing on claims.

The statute, 3 Comp. Laws 1929, § 15961, provides that appeal to circuit court may be allowed from the decision and report of the commissioners in the following case:

"2. When the commissioners shall allow any claim in whole or in part, and the sum allowed, being objected to, shall amount to twenty dollars, in either of which cases the aggrieved party may appeal."

In *Winter* v. *Winter,* 90 Mich. 197, involving the identical statute and in answer to the contention that appeal would not lie because no objection to the allowance of the claim had been made before the commissioners, the court said:

"We see no force in these objections. The statute does not require any formal issue to be taken, or formal objection to be made, before the commissioners."

In any event, the statute does not designate the time for an objection to a claim and, in view of the fact that the proceedings before the commissioners are informal and in the interest of the protection of estates of deceased persons from unfounded claims, the reasonable construction is that an objection would be timely if made before the commissioners had filed their report and while they were still able to pass upon the claim.

Claimant further contends that the decision was not appealable because the claim already had been paid. This objection would be of force if the appeal were delayed (3 Comp. Laws 1929, § 15970), but, of course, it cannot prevail in an appeal as of right, regularly taken within the time provided therefor.

The order dismissing the appeal will be reversed, with costs.

North, C. J., and Wiest, Butzel, Bushnell, Sharpe, and Toy, JJ., concurred. Potter, J., did not sit.