WOODS v HALL

Docket No. 141433. Submitted October 12, 1993, at Detroit. Decided January 18, 1994, at 9:00 A.M.

Lydell Woods brought an action in the 36th District Court against Jack and Darlene Hall, seeking to recover possession of a residence leased to the defendants. He alleged in the summary proceeding that the defendants' tenancy had been terminated by a notice to quit, and did not mention that the defendants were withholding the rent because of alleged needed repairs. While the case was pending, the court, Robert L. Ziolkowski, J., entered an escrow order that required the defendants to pay the rent to the court clerk as it became due. The case was then dismissed because the notice to quit was defective. After a hearing, the court ordered part of the money held in escrow to be released to the plaintiff and part to be returned to the defendants. The defendants appealed to the Wayne Circuit Court, and the court, James J. Rashid, J., vacated the district court's order and ordered the funds returned to the defendants. The plaintiff appealed by leave granted.

The Court of Appeals *held:*

The district court apparently entered the escrow order because the plaintiff showed a clear need for protection. To have demonstrated a clear need, the plaintiff must have brought the rent dispute before the district court. The plaintiff could not have shown a right to be protected unless he was asserting a claim of right to the rent, and he could not have shown a need for protection unless the defendants contested their duty to pay the rent demanded. Therefore, after the escrow order was entered, there were two separate claims before the district court: a summary claim for possession of the premises and a contested claim regarding the rent money in the escrow account. Because a notice to quit is not required to maintain an action for rent, the defect in the notice to quit did not deprive the district court of jurisdiction to hear the rent dispute. However, the rent dispute could not be resolved summarily by the trial court merely holding a hearing. The defendants had a right to have a jury weigh the testimony and resolve the questions of fact.

The circuit court's order distributing the escrow funds to the

defendants must be reversed, the district court's order distributing the funds to the parties vacated, and the case remanded to the district court for resolution of the rent dispute that gave rise to the escrow order.

Reversed and remanded.

JANSEN, P.J., dissenting, stated that the circuit court's orders vacating the district court's order and returning the escrow funds to the defendants should be affirmed. Because the underlying action for possession was dismissed because of defective notice, the court did not acquire jurisdiction of an action for the rent in the escrow account and did not have jurisdiction to disburse any of the escrow money to the plaintiff.

*Veleta P. Brooks-Burkett,* for the plaintiff.

*Carson & Carson* (by *William F. Carson* and *Paul J. Ellison*), for the defendants.

Before: JANSEN, P.J., and MICHAEL J. KELLY and CONNOR, JJ.

CONNOR, J. Plaintiff appeals by leave granted the Wayne Circuit Court's vacation of the 36th District Court's order disbursing funds held in escrow. We reverse and remand.

Defendants leased their residence from plaintiff. Plaintiff wanted them out because they had stopped paying rent. Defendants were withholding the rent because they thought repairs were needed.[1] Plaintiff brought this action, seeking to recover possession of the residence. See MCL 600.5701 *et seq.*; MSA 27A.5701 *et seq.*, MCR 4.201. He alleged that defendants' tenancy had been terminated by a notice to quit, MCL 600.5714(1)(b)(iii); MSA 27A.5714(1)(b)(iii), now MCL 600.5714(1)(c)(iii); MSA 27A.5714(1)(c)(iii), and his complaint made no mention of the rent dispute.

---

[1] Defendants were not alone. Health inspectors had been after plaintiff to remove peeling lead-based paint from the residence for some time.

While the possession case was pending, the district court entered an escrow order that required defendants to pay rent to the court clerk as it came due. MCR 4.201(H)(2). The district court ultimately dismissed the possession case because the notice to quit was defective. It then conducted a hearing to determine what to do with the money held in escrow. The district court ordered part of the money to be released to plaintiff and part to be returned to defendants. The circuit court vacated that order and ordered that the money be returned to the defendants.

Defendants contend that because they prevailed on the claim for possession, the district court had a duty to order the funds held in escrow to be returned to them. We think this argument misses the mark. However, we do agree that the district court did not handle the escrow properly.

Presumably,[2] the district court entered the escrow order because plaintiff showed a clear need for protection. MCR 4.201(H)(2). To have demonstrated a clear need, plaintiff must have necessarily brought the rent dispute before the district court. Plaintiff could not have shown a right to be protected unless he was asserting a claim of right to the rent, and he could not have shown a need for protection unless the defendants contested their duty to pay the rent demanded.

Even if no rent dispute had existed before the escrow order, one certainly existed after the order had been issued. While the order was in force, defendants did not pay rent to plaintiff, as was their duty under the lease, and plaintiff did not receive rent from defendants, as was his right under the lease. Instead, defendants paid money to an escrow agent, the court clerk, to hold until the

---

[2] We say "presumably" because defendants failed to provide the circuit court with a transcript of that hearing. See MCR 7.101(F).

dispute about how much rent they were obliged to pay to plaintiff could be resolved.

Thus, after the escrow order was entered, the district court had two separate claims before it: a summary claim for possession of certain premises, and a contested claim regarding the rent money that was held in escrow while the action was pending. The summary possession claim ultimately failed because the notice to quit plaintiff gave defendants was defective. However, a notice to quit is not required to maintain an action for rent. Consequently, a defect in the notice to quit could not deprive the district court of jurisdiction to hear the rent dispute.

Had the district court required the parties to amend the pleadings after the escrow order was entered to reflect that there was a dispute over the rent money that was also before the district court, there would have been no question about how to proceed once plaintiff's possession claim was dismissed. The rent dispute would still need to be resolved before the case could be completed, and it would be apparent that final disbursement of the escrow funds would depend on resolution of the rent dispute. However, that dispute could not be resolved by the trial court merely holding a hearing. Defendants had a right to have a jury weigh the testimony and resolve the questions of fact.

We reverse the circuit court's order distributing the escrow funds to defendants, vacate the district court's order distributing the funds to the parties, and remand this case to the district court. On remand, the parties are to return to the clerk of the district court all funds in their possession that were disbursed pursuant to the prior orders.

The record gives some indication that plaintiff may, at some point, have filed a separate action for the rent. On remand, plaintiff is to provide the

district court with the particulars of his other court action against defendants, and its outcome. If that other case has resulted in a valid and binding determination of defendants' obligation to pay rent during the period they have been paying rent into escrow, that decision will control the parties' rights to the escrow funds. On the other hand, if the other case was not concerned with the rent dispute, or if it did not result in a valid and binding decision, plaintiff may amend his complaint to include a rent claim, and defendants will be afforded an opportunity to file an answer to the amended complaint. The district court may order interim disbursement of funds held in escrow as justice requires, MCR 4.201(H)(2)(b), but final disbursement must await resolution of the rent dispute that gave rise to the escrow order.

Reversed and remanded. We do not retain jurisdiction.

MICHAEL J. KELLY, J., concurred.

JANSEN, P.J. *(dissenting)*. I respectfully dissent. I would affirm the circuit court's order vacating the district court's order and returning the escrow money to defendants.

The district court was without jurisdiction to disburse any of the escrow money to plaintiff on February 6, 1990, because of its previous dismissal of the underlying summary proceeding to recover possession of the premises. The district court dismissed the summary proceeding on February 5, 1990, because of defective notice. Without proper notice (causing the subsequent dismissal of the action), the district court did not acquire jurisdiction. *Sokup v Davis' Estate,* 206 Mich 144; 172 NW 428 (1919); *In re Koss Estate,* 340 Mich 185; 65 NW2d 316 (1954). When a court lacks subject

matter jurisdiction or personal jurisdiction, the action is void because of want of jurisdiction. *Altman v Nelson,* 197 Mich App 467; 495 NW2d 826 (1992).

Therefore, because the underlying action was dismissed, there was no dispute regarding the rent in escrow and the district court had no jurisdiction to disburse any of the escrow money to plaintiff. Contrary to the majority's assertion that entitlement to possession of the residence is a separate question from the issue of rent, the escrow in this case was set up solely because of the underlying summary proceeding to recover possession of the premises. Without the underlying action, there is no action for collecting the rent in escrow.

The circuit court properly vacated the district court's order disbursing the escrow money because the district court's action was void. Once the underlying action was dismissed, the parties should have been returned to the status quo and the escrow money returned to defendants.

Accordingly, I would affirm the circuit court's order vacating the district court's order and disbursing the escrow money to defendants.