M & V BAROCAS v THC, INC

Docket No. 174448. Submitted February 14, 1996, at Detroit. Decided April 30, 1996, at 9:05 A.M.

> M & V Barocas brought an action in the Wayne Circuit Court against THC, Inc., seeking rent due under a lease of a commercial building. The property in question had been leased by the plaintiff to the defendant, which, with the understanding that it would remain liable to the plaintiff under the original lease, subleased the property to another. The sublessee went bankrupt and abandoned the property. The defendant signed an exclusive listing agreement with a broker, who attempted, unsuccessfully, to find a new tenant. The defendant raised as a defense the failure of the plaintiff to mitigate damages. The court, Diane M. Hathaway, J., finding no duty to mitigate under the circumstances, granted summary disposition for the plaintiff and entered a judgment in the amount of the unpaid rent. The defendant appealed.

> The Court of Appeals *held*:

> A landlord in an action for unpaid rent has no duty to mitigate in the absence of the surrender of the lease by the tenant. The surrender of a lease involves a mutual agreement of the landlord and the tenant to terminate the lease. The burden of proving the surrender of a lease is on the party asserting that there was a surrender. Because the defendant failed to establish that there had been a surrender of the lease, the plaintiff had no duty to establish mitigation. Accordingly, the trial court properly concluded that the plaintiff was entitled as a matter of law to the unpaid rent.

> Affirmed.

LANDLORD AND TENANT — MITIGATION — RENT — BURDEN OF PROOF.

> A landlord in an action for unpaid rent has no duty to mitigate in the absence of the surrender of the lease by the tenant with the landlord's agreement; the burden of proving a surrender of a lease is on the party asserting the surrender.

*Hurwitz, Karp, Wallach & Gantz, P.C.* (by *Ronald Karp*), for the plaintiff.

*Evans & Luptak, PLC* (by *Marilyn H. Mitchell* and *Eric A. Parzianello*) and *Jerome D. Frank*, for the defendant.

Before: JANSEN, P.J., and McDONALD and D. C. KOLENDA,* JJ.

PER CURIAM. Defendant appeals as of right from a February 14, 1994, order granting summary disposition in favor of plaintiff pursuant to MCR 2.116(C)(9) and (10), in this action for rent owed on a commercial lease. We affirm.

Plaintiff owns a commercial building in Dearborn, which it had originally leased to A. J. Foland's, Inc. Because of Foland's continuing financial difficulties, plaintiff entered into a contract to lease the property to defendant when Foland's lease ended. Defendant in turn subleased the building to Foland's with the agreement it would remain liable under the lease to plaintiff after assignment to Foland's. Foland's eventually discontinued rent payments and filed bankruptcy. Defendant participated in the Foland's bankruptcy case and was ultimately determined to have a priority administrative claim for rent due. Plaintiff did not appear in the bankruptcy proceedings.

Defendant's president, Lawrence Elkus, contacted a real estate broker and hired him to search for a new tenant. Elkus' listing agreement with the broker was exclusive and precluded listing the same property for lease with other brokers. Both Elkus and the broker had keys to the premises. Thus, when Joseph Barocas, one of plaintiff's owners, contacted his own real estate broker to arrange to list the property, he was

---

* Circuit judge, sitting on the Court of Appeals by assignment.

informed he could not list the building. Thereafter, defendant's broker asked Barocas to sign a listing agreement for the property. The agreement Barocas signed sought to lease the entire building at $10 a square foot rather than the original attempt to lease eighty percent of the building at $12 a square foot. Although the broker showed the property to several people, he was unable to find a new tenant.

Thereafter, plaintiff brought the instant action for rent. In its answer, defendant raised the affirmative defense of failure to mitigate damages. Following discovery, both parties brought cross-motions for summary disposition. The trial court concluded plaintiff had no duty to mitigate damages because there was no accepted surrender of the lease and plaintiff's only duties were to abide by the lease terms and the general duty to collect rent and not interfere with the quiet enjoyment of the tenant's right to possess. The court, therefore, granted summary disposition in favor of plaintiff.

We find no error in the court's grant of summary disposition. Failure to mitigate damages is not a viable defense to an action for rent. The undisputed facts show defendant did not abandon the leasehold premises or surrender the lease. Under the circumstances, plaintiff had no duty to mitigate its damages.

It has long been recognized that the law should encourage a potential plaintiff to take reasonable actions to minimize the extent of damages arising from the wrongful breach of a contract. *Scott v Beecher*, 91 Mich 590; 52 NW 20 (1892); *Om-El Export Co, Inc v Newcor, Inc*, 154 Mich App 471; 398 NW2d 440 (1986); *Froling v Bischoff*, 73 Mich App 496; 252 NW2d 832 (1977). The defendant bears the burden of

proving the plaintiff failed to take reasonable steps in mitigation of his damages. *Id.*

However, a landlord does not have a duty to mitigate damages where there has been no definitive breach of the lease terms. *Greenstine v Srere*, 222 Mich 25; 192 NW 676 (1923). In this matter, plaintiff is not asserting a breach of contract claim. Instead, plaintiff filed an action for the collection of rents. A landlord's action for rent has been recognized as a distinct cause of action that differs from other available remedies for breach of a lease contract. *Woods v Hall*, 203 Mich App 222; 511 NW2d 715 (1994); *Oak Park Village v Gorton*, 128 Mich App 671; 341 NW2d 788 (1983). In *Winshall v Ampco Auto Parks, Inc*, 417 F Supp 334, 336 (ED Mich, 1976), the federal district court stated a landlord's action for rent is distinguishable from an action for damages arising from breach of contract because, "[i]n an action for rent, the landlord has no duty to mitigate, and, unless he accepts surrender of the premises, he has a right to collect the full amount of the rents due under the breached lease." Surrender of a lease involves more than mere abandonment of the premises by the tenant; it requires a mutual agreement between landlord and tenant to terminate the lease. *Pyle v Orzell*, 350 Mich 298; 86 NW2d 163 (1957); *Briarwood v Faber's Fabrics, Inc*, 163 Mich App 784; 415 NW2d 310 (1987). No surrender occurs where the landlord refused to accept the tenant's surrender of the premises. *Briarwood, supra*. The burden of proving surrender is on the party asserting surrender. *Pyle, supra*.

Defendant failed to meet this burden. A review of the undisputed facts reveals no evidence of any attempted abandonment, let alone surrender. Defend-

ant continued to exercise its rights under the lease by holding onto the keys to the leased premises and hiring a broker to sublet the property at a profit. Defendant continued to receive the benefit of exclusive possession and control under the lease. Therefore, plaintiff was rightfully entitled to bring an action for rent owed under the lease and had no duty to mitigate the amount of lost rent. Simply put, because defendant received all the benefits it bargained for under the lease contract, plaintiff is entitled to the rent owed under the lease. Summary disposition was proper.

Affirmed.