MASONITE CORP. *v.* MARTIN.

1. JUSTICES OF THE PEACE—APPEAL—STATUTES—COURT RULES.
   Statute requiring that one appealing from justice's court should serve a copy of the affidavit and bond on appeal together with notice of date of filing of return on appeal and notice to enter appearance within 20 days from date of filing return on appeal on opposite party or counsel therefor was not abrogated by, nor inconsistent with, subsequently promulgated court rule which did not specifically require service of such papers, especially where court rule also provided that appellant should ''do any other act which may be required by law'' (Act No. 314, chap. 78, § 2a, Pub. Acts 1915, as added by Act No. 132, Pub. Acts 1939; Court Rule No. 76, § 8 [1945]).

2. COURTS—CONSTRUCTION OF COURT RULES—STATUTES.
   Court rules must always be read in the light of applicable statutes (Court Rule No. 1, § 3 [1945]).

Appeal from Wayne; Jayne (Ira W.), J. Submitted April 3, 1946. (Docket No. 28, Calendar No. 43,287.) Decided May 13, 1946.

Assumpsit in common pleas court for the city of Detroit by Masonite Corporation, a foreign corporation, against Harry D. Martin. Judgment for plaintiff. Defendant appealed to circuit court. Appeal dismissed on motion. Defendant appeals. Affirmed.

*Lawhead, Kenney & Radom,* for plaintiff.

*Book, Baumann & Cook,* for defendant.

BUSHNELL, J. No disputed questions of fact are involved in this appeal, the sole question being whether the provisions of Act No. 314, chap. 78, § 2a, Pub. Acts 1915, as added by Act No. 132, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 16224–1, Stat. Ann. 1945 Cum. Supp. § 27.3482 [1]), must be complied with in appeals from the common pleas court * of the city of Detroit to the Wayne circuit court. See, also, Court Rule No. 76, § 8 (1945).

On May 18, 1945, Harry D. Martin, appellant herein, took a general appeal from a common pleas court judgment in favor of plaintiff in the sum of $616.57, and costs. On the same day Martin served copies of his claim of appeal and affidavit in support thereof upon plaintiff's attorney. The original affidavit and bond on appeal were delivered to the clerk of the common pleas court, and on the same day the costs of the suit and the appeal fee were paid. On May 25th the common pleas court filed a return in the circuit court, together with the appeal bond. On June 11th plaintiff entered a special

---

* The courts of justices of the peace in a city having a population of 250,000 may be consolidated into a common pleas court. See 3 Comp. Laws 1929, § 16369 *et seq.*, as amended (Comp. Laws Supp. 1940, 1945, § 16369 *et seq.*, Stat. Ann. and Stat. Ann. 1945 Cum. Supp. § 27.3651 *et seq.*).—REPORTER.

appearance in the circuit court and filed a motion to dismiss defendant's appeal, on the ground that the circuit court had not acquired jurisdiction. Plaintiff claimed therein that the defendant did not, within five days after the return on appeal had been filed, comply with the statutory requirements, viz., serve on him—"a copy of the affidavit and bond filed by him together with notice of the date of filing of the return on appeal and a notice to the effect that the opposite party is required to enter his appearance in the circuit court within 20 days after the date of filing of the return on appeal" upon counsel for the opposite party in the court below.

Section 8 of Court Rule No. 76 (1945) reads:

"In all appeals, within the time limited for perfecting an appeal, the appellant shall also do the following:

"(a)   Secure the approval of, and file with, the lower court such bond as may be required by law as a condition of the appeal;

"(b)   Pay such fee as may be required by law for taking such appeal;

"(c)   Make any delivery or deposits of money or property or documents, and do any other act which may be required by law."

The trial judge dismissed defendant's appeal on the ground that, in the absence of a service of the copy of the affidavit, bond and notices required by statute, the circuit court did not obtain jurisdiction.

Defendant argues that since rules of practice are intended to clarify and simplify procedure, they supersede statutory requirements, and that the phrase in the quoted rule, "do any other act which may be required by law," is merely a "catch-all" phrase and one which it is impossible to comply with.

It is insisted that the construction applied by the trial court permits a trap to be prepared and sprung on appellant and that court rules were never intended to entrap litigants.

The question thus presented was recently discussed in *Wetzel* v. *Hogopian,* 313 Mich. 524, an appeal from the justice's court from the city of Dearborn to the circuit court of Wayne county. In that case the appellant did not serve a copy of the bond, nor give notice of the date of filing the return on appeal, et cetera, and the trial court denied appellee's motion to dismiss. We said there that the rule and the statute do not conflict with each other and compliance with both is required.

Unfortunately, Court Rule No. 76 does not also contain, verbatim, the language of the statute in question, but rules must always be read in the light of applicable statutes as is suggested in Court Rule No. 1, § 3 (1945).

The order dismissing defendant's appeal is affirmed, with costs to appellee.

BUTZEL, C. J., and CARR, SHARPE, BOYLES, REID, NORTH, and STARR, JJ., concurred.