*In re* KOSS ESTATE.

KOSS *v.* KOSS.

1. APPEAL AND ERROR—APPELLATE PRACTICE—COURT RULES.
   The Supreme Court may establish rules of procedure governing appellate practice in the courts of this State (Const 1908, art 7, § 5; CL 1948, § 691.21).

2. SAME—APPEAL FROM PROBATE COURT TO CIRCUIT COURT—COURT RULES.
   The propriety of the denial by the circuit court in a county having upwards of 500,000 population of a motion to dismiss an appeal from the probate court must be determined under pertinent court rule providing that appeals shall, in all civil cases, be exclusively governed by such rule and without express regard to any general statutory provisions controlling appeals from probate courts (Const 1908, art 7, § 5; CL 1948, § 691.21; Court Rule No 75 [1945, 1949]).

3. SAME—APPEAL FROM PROBATE COURT—JURISDICTION OF CIRCUIT COURT—MANDATORY COURT RULE PROVISIONS.
   Compliance with requirements imposed under court rule is mandatory, not directory, in order that the circuit court in a county having upwards of 500,000 population attain jurisdiction over parties on appeal from the probate court (Court Rule No 75 [1945, 1949]).

4. SAME—CIRCUIT COURT—JURISDICTION—TIME—EXCUSE FOR DELAY.
   Circuit court in county having upwards of 500,000 population did not have jurisdiction to allow tardy service of claim of appeal from probate court, where motion to permit such late service was made after 20 days from entry of order sought to be appealed from, without application for extension of time

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 14 Am Jur, Courts § 150.
[4, 6] 3 Am Jur, Appeal and Error § 417 *et seq.*

having been made during the 20-day period and without the making of a showing of merit in the appeal or showing of absence of negligence in the delay (Court Rule No 75 [1945, 1949]).

5. SAME—COURT RULES—FAILURE TO FOLLOW DIRECTORY REQUIREMENTS—DISCRETION OF COURT.

The complete failure to follow directory requirement in regard to appeals of court rule pertaining to appeals to the circuit court from probate court in counties having upwards of 500,000 population does not present a case wherein the circuit court should exercise its discretion in behalf of the defaulting party without full and adequate cause shown (Court Rule No 75 [1945, 1949]).

6. SAME—APPEAL FROM PROBATE TO CIRCUIT COURT—TIME—ABUSE OF DISCRETION.

Denial of motion to dismiss claim of appeal from probate court to circuit court in county having upwards of 500,000 population for failure to make timely service of the claim of appeal was an abuse of discretion, where notice was not served within 20 days of the court order directing it, an extension of time to perfect the appeal within the 20-day period was not sought and the certified record was not filed until after expiration of the 30-day period provided by rule and delay was sought to be justified by affidavit based on hearsay (Court Rule No 75 [1945, 1949]).

7. ESTATES OF DECEDENTS—TIME—STATUTES—COURT RULES.

Litigants are entitled to the prompt action in probate matters involving the settlement of estates as designed by pertinent statutes and court rules.

Appeal from Wayne; Miller (Guy A.), J. Submitted May 4, 1954. (Calendar No. 45,734.) Decided July 6, 1954.

In the matter of the estate of Mary B. Koss, deceased, Adolph Koss filed his claim. Allowed in part by probate court. Clement J. Koss, plaintiff, as heir-at-law, appealed to circuit court, and obtained order for "tardy service." Adolph Koss, defendant, moved to dismiss the appeal. Motion denied. De-

fendant appeals.   Reversed and remanded with direction to dismiss the appeal from probate court.

*Norman W. Stern,* for defendant.

CARR, J.   In the matter of the estate of Mary B. Koss, deceased, Adolph J. Koss, referred to as appellant herein, appeals from an order of the circuit court for Wayne county denying his motion to dismiss the appeal of Clement J. Koss, appellee, from the probate court for the county of Wayne.   Appellant contends that the circuit court was in error in granting appellee's petition to allow or approve of a "tardy service" of the claim of appeal from the probate court after expiration of the time for such service set by court rule and without a previous extension of time for such service and also in not filing a certified copy of the record in the circuit court within 30 days as provided by statute.

In the probate court for the county of Wayne the claim of appellant against the estate of Mary B. Koss was recommended for partial allowance in the sum of $16,073.63 by a referee whose report was duly filed.   On June 6, 1952, after the report and objections were considered, an order was entered by the judge of probate approving the report of the referee and ordering payment of the debts and closing of the estate within 1 year from that date.

On June 25, 1952, appellee, a son and heir-at-law of decedent, filed a claim of appeal to the circuit court from the allowance of the claim of appellant and on that date an order of the probate judge was entered directing that notice of the appeal be given to Adolph J. Koss by personally serving a copy of the claim of appeal upon him or his attorney of record. The record before us does not disclose the name of the attorney of record in the probate court but no question is raised in that respect.   Eight days later

a copy of the claim of appeal was placed in the hands of the sheriff of Wayne county for service upon appellant. Service was made by the sheriff on July 29, 1952, after the expiration of the 20-day period provided for service by statute and court rule. On August 8, 1952, appellee filed in the circuit court a petition signed only by his counsel and supported solely by the affidavit of his counsel requesting an order allowing what he termed "tardy service of claim of appeal." Such order was entered *ex parte* on August 18, 1952. The certified record from the probate court was not filed in the circuit court until August 13, 1952.

On August 30, 1952, appellant filed a motion to set aside the order of the circuit court authorizing "tardy service" of the claim of appeal and, in support of that motion, filed an affidavit which stated that appellant was available for service of the claim of appeal from June 25, 1952, through August 16, 1952, and could have been served had diligent effort been made to do so. On September 19, 1952, appellant filed a motion to dismiss the appeal to the circuit court on the ground that the circuit court lacked jurisdiction, citing in support of his position CL 1948, § 701.40 (Stat Ann 1943 Rev § 27.3178[40]), and CL 1948, § 701.41 (Stat Ann 1943 Rev § 27.3178 [41]). The circuit court denied both motions and from such denials, upon leave granted, the appellant has appealed.

Basing his argument upon statutory grounds, appellant asserts that the failure of appellee to serve notice of the claim of appeal upon him within 20 days of the order of June 25, 1952, as required by CL 1948, § 701.40 (Stat Ann 1943 Rev § 27.3178[40]), and the failure to file the certified record in the circuit court within 30 days as required by CL 1948, § 701.41 (Stat Ann 1943 Rev § 27.3178[41]), resulted in a lack of jurisdiction in the circuit court, at least

as to the parties, and that the circuit court was, therefore, in error in denying his motion to dismiss. In support of his contention appellant cites *In re Wilkie's Estate,* 314 Mich 186, in which this Court held that service of the notice of claim of appeal in the manner directed by court order was mandatory and essential to vest jurisdiction over the parties in the circuit court. Appellant also cites *Sokup* v. *Davis' Estate,* 206 Mich 144, in which this Court held that the statutory provision requiring service of notice of appeal within the prescribed time was mandatory and affected the jurisdiction of the circuit court. Appellant also cites *Wetzel* v. *Hogopian,* 313 Mich 524, and *Masonite Corp.* v. *Martin,* 314 Mich 411, concerning Court Rule No 76 (1945), to the effect that Court Rule No 75, providing for appeals from the probate court for the county of Wayne, does not dispense with the necessity for compliance with statutory provisions in regard to appeals from probate courts in general. Appellee's contentions do not appear as he has not filed a brief in this Court.

In 1949, Court Rule No 75 was amended and now provides:

"In each judicial circuit with a population of 500,-000 and upwards, appeals to the circuit court from any probate court or any probate judge, shall, in all civil cases (except condemnation cases), be *exclusively* governed by the following sections, unless otherwise provided in this rule, any present or future inconsistent or additional statutory requirements to the contrary notwithstanding." (Emphasis added.)

The Supreme Court may establish rules of procedure governing appellate practice in the courts of this State. Michigan Constitution (1908), art 7, § 5; CL 1948, § 691.21 (Stat Ann § 27.111). The propriety of the circuit court's action in denying appellant's motion to dismiss must be determined under Court

Rule No 75, as amended, and without express regard to any general statutory provisions controlling appeals from probate courts.

In the 1949 amendment, section 4(a) of Court Rule No 75 was amended to read as follows:

"Within the time limited for taking an appeal, a claim of appeal in the form hereinafter provided shall be filed with the lower court; and upon such filing, the circuit court shall be deemed vested with jurisdiction of the matter appealed from, *and all requirements thereafter shall be deemed directory merely.*"

The italicized portion above was added to section 4(a) by the 1949 amendment to Court Rule No 75. Section 4(b) of Court Rule No 75 provides for service of notice of the claim of appeal within 20 days of the order directing the manner of such service. Such requirement is not a directory requirement referred to in section 4(a). In view of the *Wilkie Case, supra,* holding that service of the notice of claim of appeal is the means whereby the circuit court attains jurisdiction over the parties to the appeal (although filing claim of appeal vests jurisdiction of the subject matter in the circuit court), it should not now be held that the attaining of jurisdiction over the parties is a mere directory requirement. Jurisdiction over the parties whether attained under court rule or statute is mandatory.

The action of the circuit judge in allowing tardy service of claim of appeal was not authorized by section 18 of Court Rule No 75. That section provides in part:

"The circuit court may, upon motion and notice at any time, in its discretion, and on such terms as it deems just:

"(a) Exercise any or all the powers of amendment of the court or tribunal below."

Under section 2 of the rule, the probate court may:

"*Within said 20 days, on cause shown* and without notice, extend the time for taking such appeal not to exceed 40 days from and after the expiration of said 20 days." (Emphasis added.)

No request for an extension of time was made by appellee in the probate court, or in the circuit court, within the 20-day period following June 25, 1952. It was not until August 8th that appellee, without notice to appellant, sought a court order permitting late service. At that time the circuit court was without jurisdiction over the parties and had no authority, without a proper showing, to enter an order permitting late service nor to allow an extension of time after the 20-day period, provided by Court Rule No 75, had expired. Appellee was not seeking leave to file a delayed appeal wherein the allowance or denial of the appeal depended upon a showing of merit in the appeal and the absence of negligence in the delay.

Even if the requirement that service of the claim of appeal within 20 days was directory merely, and variance from the provisions of the rule was authorized by order of the circuit court acting in its discretion and on cause shown, we would hold that the action of the circuit judge in the present case was an abuse of discretion. Appellee did not serve notice of the claim of appeal within 20 days of the court order directing the same. Such notice was not placed in the hands of the sheriff until 8 days after the date of order directing the manner of service of the order. Appellee did not seek an extension of time to perfect the appeal within the 20-day period; nor did he file the certified record from the probate court until after the expiration of the 30-day period provided by rule. Appellee sought to justify his failure to comply with the court rules by affidavit of his attorney that the sheriff was unable to serve

notice of the claim of appeal upon appellant within the required period of time "due to the continued absence" of appellant. Such affidavit was based on hearsay. No affidavit by the sheriff was filed. Appellee's counsel also stated that the allowance of the petition would cause no hardship, as the adverse party had been previously notified of the action to be taken. Such affidavit was countered by the affidavit of the appellant stating that he was at all times available for service and could have been served had effort been made to serve him. In any event, it cannot be said that the failure to serve appellant with notice of appeal justified appellee in failing to comply with the other provisions of Court Rule No 75 in regard to filing the certified record or in properly seeking an extension of time within the original 20-day period. Complete failure to follow directory requirements in regard to appeals does not present a case wherein the court should exercise its discretion in behalf of the defaulting party without full and adequate cause shown. The rules serve some purpose.

In probate matters involving the settlement of estates litigants are entitled to prompt action and the statutes and court rules were designed for that purpose. As this Court stated in *Szarama* v. *Tylman's Estate,* 237 Mich 676, 681:

"The right of the legislature to provide for time limitation in the various steps necessary to be taken to the circuit court in estate matters cannot be questioned. Expedition in the settlement of estates demands it."

It may be claimed that the 1949 amendment to Court Rule No 75 was adopted to empower the court to afford relief in cases where, upon proper showing, service could not be made in time provided by law. No such proper showing was made in the in-

stant case. Without proper service within the time prescribed or a proper order extending the time for such service, the court did not acquire jurisdiction over appellant. The appeal should have been dismissed.

An order may be entered remanding the case to the circuit court with directions to set aside the order denying the motion to dismiss and to dismiss the appeal. Costs are awarded to the appellant.

BUSHNELL, SHARPE, BOYLES, REID, DETHMERS, and KELLY, JJ., concurred.

BUTZEL, C. J., did not sit.