INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL
547, AFL-CIO v SINAI HOSPITAL OF DETROIT

1. Labor Relations—Employment Relations Commission—Applica-
   tions for Enforcement—Appeals.

   Applications by the Employment Relations Commission for en-
   forcement of their orders are original proceedings in the Court
   of Appeals and their acceptance is obligatory, but the grant of
   appeal to an aggrieved party from a decision of the Employ-
   ment Relations Commission ordering and directing an election
   for a bargaining unit is a matter of grace and not of right.

2. Labor Relations—Bargaining Units—Integrated Operation—
   Public Interest—Crafts.

   The creation of a separate labor bargaining unit of four em-
   ployees out of 2,300 employees is unjustified in reason and
   inconsistent with the public interest in a hospital which by its
   inherent nature requires an integrated operation; the right of a
   craft to its own representation must yield when it leads to
   disabling compartmentalization of small bargaining units in a
   highly integrated operation.

Appeal from the Employment Relations Com-
mission. Submitted April 8, 1975, at Detroit.
(Docket No. 21461.) Decided August 27, 1975.

Petition before the Employment Relations Com-
mission by the International Union of Operating
Engineers, Local 547, AFL-CIO, against Sinai Hos-
pital of Detroit seeking creation of a separate
bargaining unit for boiler and refrigeration engi-
neers. Decision of the Employment Relations Com-
mission for plaintiff. Defendant appeals the order

References for Points in Headnotes
[1] 48 Am Jur 2d, Labor and Labor Relations § 1022 et seq.
[2] 48 Am Jur 2d, Labor and Labor Relations §§ 446, 1175.

of the commission directing the election of representatives for the bargaining unit. Order vacated.

*Leonard A. Meldman,* for plaintiff.

*Honigman, Miller, Schwartz & Cohn* (by *David A. Mikesell* and *Charles H. Tobias),* for Sinai Hospital.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Francis W. Edwards,* Assistant Attorney General, for the Employment Relations Commission.

Before: R. B. BURNS, P. J., and M. J. KELLY and O'HARA,* JJ.

O'HARA, J. The first thing that should be understood about this opinion is that it *does not* involve an application by the Michigan Employment Relations Commission (MERC) to this Court for the enforcement of a commission order in the sense that was decided by the Supreme Court in *MERC v Detroit Symphony Orchestra,* 387 Mich 424; 196 NW2d 763 (1972), and reaffirmed in *MERC v Reeths-Puffer School District,* 391 Mich 253; 215 NW2d 672 (1974). In those two cases the Supreme Court made it absolutely clear that applications by MERC are original proceedings in the Court of Appeals and our acceptance of them of right is obligatory. Thus *Detroit Symphony Orchestra and Reeths-Puffer School District* are only tangentially involved.

This appeal presents two questions. One is in a limited sense procedural. The other involves substantive law.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

We address ourselves to the first. The appellant does not state it as an issue and does not discuss it. Appellee MERC[1] states it thus:

*"Whether an aggrieved party may appeal as of right from a decision of the employment relations commission which orders and directs an election in a bargaining unit."*

The appellant, for what we presume to be pragmatic reasons, disregarded the question for the relatively obvious reason that it was already in this Court, and prepared to argue the merits of its position. The route by which it arrived made no difference to it in *this* case. Appellant was apparently not interested in making law in the abstract.

The appellee union does not include this question in its statement of issues involved.

The appeal in this case should not have been accepted and processed as of right. The Attorney General, MERC's representative, is correct. The grant of an appeal of this type of MERC order is a matter of grace and not of right.

We are not disposed, however, to grant the relief asked by the Attorney General because the substantive question involved is of such jurisprudential significance that we see no point in dismissing it on the narrow procedural ground.

We reason that if the Supreme Court had meant that *all* appeals from MERC were of right it would not have carefully specified that "[a] petition for enforcement * * * invokes the jurisdiction of the Court of Appeals as of right * * * [and] is not addressed to the *discretion* of the Court of Appeals". *Reeths-Puffer School District* at 270. (Em-

---

[1] MERC, through the attorney general, following a long-settled practice in this Court, filed a brief in support of its position.

phasis supplied.) Since we have "discretion" in accepting or rejecting MERC decisions and orders dealing with representation, elections and related matter, we proceed to discuss the case on its merits.

The question is whether the MERC order in this case properly designated four out of the 2,300 hospital employees as an appropriate separate bargaining unit.

The four employees are "licensed operating engineers (boiler and refrigeration) excluding supervisors and all other employees".

The question is not easy of resolution. It creates a confrontation between two well recognized policies of MERC, as it has before the NLRB. One is what is not infrequently referred to as the avoidance of "compartmentalization" of small bargaining units in a highly integrated operation and, the other, the right of a "craft" to its own representation. Deciding this question is one reason for MERC's creation, and we should not lightly disregard its findings. Limited though our appellate review is, yet the right of that review exists. We found it necessary to do so in *Board of Regents of Eastern Michigan University v Eastern Michigan University Professors,* 46 Mich App 534; 208 NW2d 641 (1973), even though the grounds for reversing MERC in that case are not the same as in the case at bar. We mention it only to support our view that despite some testimony tending to support MERC's conclusion in this case there is a point at which findings of fact can grow into an error of law. We think that has happened here.

It is difficult to imagine any employing unit which by its inherent nature needs an integrated operation more than a hospital. The 2,300 employees contain persons with infinitely more claim

to a "craft" than the boiler engineers. Their training, their licensing requirements, their skills are higher and more sophisticated than the four employees singled out by MERC. All of these are included in an extensive and detailed procedure established and administered by the personnel department of the hospital to cover holiday pay, sick pay, vacation benefits, a pension plan, insurance coverage, overtime pay, breaktime, and an annual salary review.

We have reviewed the plethora of NLRB cases, MERC's own holdings in similar cases, and judicial holdings of various Federal circuit courts of appeals included in the very helpful and well organized briefs of all the parties. We conclude that the majority of the holdings, in hospital cases especially, dictate that the creation of a separate bargaining unit of four out of 2,300 employees is unjustified in reason and inconsistent with the public interest. For these reasons we vacate the order creating the four-member bargaining unit.

No costs, a public question being involved.