MICHIGAN EMPLOYMENT SECURITY COMMISSION v WAYNE
STATE UNIVERSITY

1. UNEMPLOYMENT COMPENSATION—EMPLOYMENT SECURITY ACT—CON-
STRUCTION—SERVICE OF PROCESS—COURT RULES—CLAIM OF AP-
PEAL.

The Michigan Employment Security Act was designed to protect
the welfare of the working people of Michigan and the act
should be liberally construed to effectuate that legislative pol-
icy; therefore, the failure of a party in an action before the
Employment Security Appeal Board to serve all interested
parties with a copy of the claim of appeal within five days after
filing it, as required by court rule, should not be construed to
deny the circuit court jurisdiction over the appeal; jurisdiction
vests when the appeal is filed (MCLA 421.2; MSA 17.502, GCR
1963, 706.2[2]).

2. UNEMPLOYMENT COMPENSATION—EMPLOYMENT SECURITY BOARD—
APPEALS—NOTICE—TARDINESS—HARM.

An appellee from a decision of the Employment Security Appeal
Board may not complain of an appellant's tardiness by two
days in failing to notify the appellee of his intent to claim an
appeal in the circuit court where the appellee himself was
approximately 30 days late in filing his notice of appearance in
the circuit court, the appellant offered a readily understandable
explanation of its delay, and the appellee does not claim any
harm due to the late filing.

Appeal from Ingham, Jack W. Warren, J. Sub-
mitted October 8, 1975, at Detroit. (Docket No.
21793.) Decided December 3, 1975. Leave to appeal
denied, 396 Mich 857.

Claim before the Employment Security Commis-
sion by Victor E. Bibbins, Jack D'Urso, Marijo
Powder and Denise M. Marcelt for unemployment

REFERENCES FOR POINTS IN HEADNOTES
[1] 76 Am Jur 2d, Unemployment Compensation §§ 6, 7.
[2] 76 Am Jur 2d, Unemployment Compensation § 91 et seq.

compensation. Compensation denied. The Employment Security Appeal Board affirmed. The Employment Security Commission (MESC) appealed to the circuit court the ruling upholding the denial of benefits. Wayne State University, the former employer of plaintiffs, moved for dismissal in circuit court. Motion granted. The MESC appeals by leave granted. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Felix E. League,* Assistant Attorney General, for the Employment Security Commission.

*Karl Reibel,* for Wayne State University.

Before: J. H. GILLIS, P. J., and BRONSON and T. M. BURNS, JJ.

J. H. GILLIS, P. J. Plaintiffs, Bibbins, D'Urso, Powder and Marcelt, were students at Wayne State University. They also were all employed by the University in various capacities. The University laid off each of the plaintiffs; each then filed for unemployment compensation benefits with the Michigan Employment Security Commission (hereinafter referred to as MESC). The students' claims were consolidated for a single hearing and, on July 30, 1973, a MESC referee issued an opinion denying them any unemployment compensation.[1] On appeal, the Employment Security Appeal Board affirmed the referee's decision.

Within 15 days, the Attorney General, on behalf of MESC, filed an appeal in the Ingham County

---

[1] Although not relevant to the appeal at hand, the referee's decision was based on MCLA 421.43(l)(i); MSA 17.547(l)(i). This statute seemingly denies unemployment compensation to any student employed by a "school, college or university" if the student is enrolled at the same "school, college or university".

Circuit Court.[2] The appellee, Wayne State University, was served with a copy of the claim of appeal seven days after the filing. Some 40 days after being served with the claim of appeal, Wayne State filed an appearance in circuit court and a motion to dismiss, claiming that the court was without jurisdiction to hear the case. The trial judge agreed and dismissed the appeal. MESC was granted leave to appeal by this Court. We reverse.

In ruling that he was without jurisdiction to hear the appeal, the circuit court judge based his decision both on language found in GCR 1963, 706.2(2), and a Supreme Court case, *In re Koss Estate,* 340 Mich 185; 65 NW2d 316 (1954). In pertinent part, GCR 1963, 706.2(2) reads as follows:

"Appellant shall file in the circuit court a claim of appeal within 15 days after the mailing to him of a copy of the decision of the said appeal board or within such other period as may be provided by said act. Such claim of appeal shall conform substantially to the provisions of sub-rule 701.5. Within 5 days after filing such claim of appeal, a copy thereof shall be served on the said appeal board and on all interested parties as appellees, and proof of service thereof shall be filed in the circuit court within 5 days thereafter. The said appeal board shall not be deemed a party appellee. The timely filing of the claim of appeal shall constitute the taking of an appeal and the failure to take any further

---

[2] Any interested party may appeal a decision of the Michigan Employment Security Appeal Board. The appeal must be filed in circuit court within 15 days after receipt of the appeal board decision. MCLA 421.38; MSA 17.540, GCR 1963, 706.2(2). The MESC is a party to any appeal involving an appeal board decision. MCLA 421.38; MSA 17.540. Under GCR 1963, 706.2(1), any interested party may appeal the appeal board decision. In this case, we have a somewhat incongruous situation. MESC is appealing an appeal board ruling which upheld a denial of unemployment benefits for the students. The only explanation for this action that this Court can discern is that MESC desired a definitive court ruling on the applicability and validity of MCLA 421.38; MSA 17.540.

steps to secure the review of the matter appealed from shall have like effect as set forth in sub-rule 701.3."

The trial judge ruled that the requirement that all interested parties be served with a copy of the claim of appeal within five days after filing was a jurisdictional requirement. Because the Attorney General waited seven days to serve Wayne State, the court held that it lacked jurisdiction over appellee Wayne State University.

At first blush, it would appear that the trial judge's ruling was entirely without foundation. GCR 1963, 706.2(2) indicates that "[t]he timely filing of the claim of appeal shall constitute the taking of an appeal * * * ". Taken alone, that language surely suggests that jurisdiction vests when the appeal is filed. The trial judge, however, read GCR 1963, 706.2(2) in conjunction with *In re Koss Estate, supra,* (hereinafter referred to as *Koss).*

In *Koss,* the Michigan Supreme Court was faced with interpreting Court Rule No 75 (1945, 1949). Rule 75 dealt with appeals from the probate court to the circuit court. Section 4(a) of the rule reads as follows:

"Within the time limited for taking an appeal, a claim of appeal in the form hereinafter provided shall be filed with the lower court; and upon such filing, the circuit court shall be deemed vested with jurisdiction of the matter appealed from, and all requirements thereafter shall be deemed directory merely."

Section 4(b) of the same rule required service of the notice of appeal within 20 days after the filing of the appeal. The attorney for the appellee in Koss failed to serve the appellant within the 20-day limit; service was not made until two months

after filing. In a rather nebulous opinion, the *Koss* Court seemingly held the 20-day service requirement jurisdictional in that the Court could not obtain personal jurisdiction over the parties if they were not served within 20 days.[3] In the instant case, the trial judge found the language of GCR 1963, 706.2(2) and the Court Rule No 75 (1945, 1949), similar; he read *Koss* to hold the service requirements of rule 75 jurisdictional, and he felt bound to apply the *Koss* holding to GCR 1963, 706.2(2) and find the 5-day service requirement jurisdictional.

Different factors enter into our decision that the 5-day service requirement is nonjurisdictional. First, the Michigan Employment Security Act was designed to protect the welfare of the working people of Michigan. MCLA 421.2; MSA 17.502. That being the case, the act should be liberally construed in order to effectuate the legislative policy behind it. *Godsol v Unemployment Compensation Commission,* 302 Mich 652; 5 NW2d 519 (1942), *Copper Range Co v Unemployment Compensation Commission,* 320 Mich 460; 31 NW2d 692 (1948). Absent clear mandate from the Supreme Court, we will be slow to set up procedural roadblocks frustrating the clear legislative intent. To hold a 5-day service requirement jurisdictional mandates harsh results in many cases.

Secondly, we feel that the language of GCR 1963, 706.2(2), "[t]he timely filing of the claim of appeal shall constitute the taking of an appeal", evinces a clear intent that the 5-day service requirement be nonjurisdictional. We do not think

---

[3] *In re Koss Estate,* 340 Mich 185; 65 NW2d 316 (1954), can as easily be read to say nothing more than that the trial judge abused his discretion in allowing late service under the circumstances present in the *Koss* situation. For purposes of this opinion, we read *Koss* to hold the 20-day rule jurisdictional.

that *Koss, supra,* mandates a different result. Even if *Koss* is read to hold the service requirement jurisdictional,[4] that decision dealt with a different court rule which has since been replaced. Furthermore, we must agree with those critics who have argued that *Koss's* analysis of personal jurisdiction is incorrect.[5]

Because we hold the 5-day service rule nonjurisdictional, it is necessary to decide whether the trial judge should have, as a matter of discretion, dismissed the appeal.[6] GCR 1963, 706.2(2) requires service within 5 days. The Attorney General was two days late. His representative offered an explanation which, while not excusing his tardiness, made it readily understandable. The appellee does not claim to have suffered any harm due to the late filing. Furthermore, the appellee was approximately 30 days late in filing its notice of appearance in the circuit court. Under GCR 1963, 706.2(3), the appellee must file a notice of appearance within ten days after being served with appellant's notice of appeal. Under the circumstances of this case, appellee is in no position to complain of appellant's tardiness. Weighing all of these factors together, we conclude that the trial judge abused his discretion in dismissing the appeal.

Reversed and remanded for appeal on the merits.

---

[4] *See* fn 3 *infra.*

[5] *See* 3 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), Author's Comments, pp 464–468.

[6] In the lower court opinion, the trial judge held the 5-day service requirement jurisdictional. He also stated that if the rule was held to be nonjurisdictional, he would still dismiss the appeal as a matter of discretion.