METROPOLITAN COUNCIL 23, AMERICAN FEDERATION OF
STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO v
REDFORD TOWNSHIP

1. Labor Relations—Administrative Code—Collective Bargaining
—Elections—Objections to Elections—Time for Objecting
—Nonjurisdictional Defects.

An Employment Relations Commission rule requirement that objections to a union representation election be filed with the commission within five days after the results have been tabulated and furnished to the parties, and that notice to each of the other parties involved be given at the same time, is a nonjurisdictional rule; therefore, failure to comply with the five-day notice rule does not preclude consideration of the objections on the merits where the other parties had actual notice well in advance of the hearing date (1968 AACS, R 423.449[1]).

2. Labor Relations—Collective Bargaining—Representation—
Elections.

The policy that union representation elections be fairly and democratically held far outweighs the need for speedy and efficient resolution of the representation issue where substantial questions as to the fairness and legality of such an election are raised.

Appeal from the Employment Relations Commission. Submitted June 7, 1976, at Detroit. (Docket No. 23443.) Decided August 5, 1976.

Petition filed with the Employment Relations Commission by Metropolitan Council 23, American Federation of State, County and Municipal Employees, AFL-CIO, for election of a collective bargaining representative for Redford Township em-

Reference for Points in Headnotes
[1, 2] 48 Am Jur 2d, Labor and Labor Relations §§ 512, 531 *et seq.*

ployees designated as foremen. The election was held pursuant to a consent agreement between the petitioner and the township supervisor. The union was declared winner of the election. Redford Township filed objections to the election with the Employment Relations Commission challenging the authority of the supervisor to consent to an election and objecting to the methods by which challenged ballots were resolved. The commission ordered that the union be certified as the bargaining representative of the designated unit of township employees. Defendant appeals by leave granted. Reversed and remanded.

*Zwerdling, Maurer, Diggs and Papp,* for Metropolitan Council 23, AFSCME.

*Cummings & McClorey, P. C.,* for Redford Township.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Francis W. Edwards,* Assistant Attorney General, for Michigan Employment Relations Commission.

Before: J. H. GILLIS, P. J., and T. M. BURNS and W. VAN VALKENBURG,* JJ.

PER CURIAM. On September 25, 1974, the Michigan Employment Relations Commission (the Commission) conducted a representation election among Redford Township employees who were designated as foremen. The election was held pursuant to a consent agreement entered into by Metropolitan Council 23 of the American Federation of State, County and Municipal Employees

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

(the Union) and Bill Robins, the then township supervisor. The Union was declared winner of the election.

The township filed objections to the election with the Commission challenging the authority of the supervisor to consent to an election and objecting to the methods by which challenged ballots were resolved.

The Union filed a motion to dismiss. The Commission concluded that the township's failure to serve its objections to the election on the Commission and the Union within five days precluded consideration of the objections on the merits. The Commission ordered that the Union be certified as the bargaining representative of the designated unit of township employees.

The township appeals from the decision of the Commission and from a subsequent denial of a motion for reconsideration. This appeal being improperly accepted as an appeal as of right, we hereby grant leave to appeal from the decision and order of the Commission. *International Union of Operating Engineers, Local 547, AFL-CIO v Sinai Hospital of Detroit,* 64 Mich App 18, 20–21; 234 NW2d 772 (1975).

In refusing to hear the township's objections to the election, the administrative law judge relied upon MERC Rule 49.1.[1] The rule provides that objections to the conduct of a representation elec-

---

[1] Rule 49.1 (1968 AACS, R 423.449[1]) provides:

"Within 5 days after the election results have been tabulated and furnished to the parties, excluding Saturdays, Sundays, and legal holidays, an interested party may file objections to the conduct of the election or to conduct improperly affecting the results of the election. Objections shall be in writing and shall contain a statement of facts upon which the objections are based and the reasons for the objections. A signed original and 4 copies of the objections shall be filed with the board, and the party filing objections shall at the same time serve a copy upon each of the other parties, with proof of service to the board."

tion may be filed within five days after the results have been tabulated and furnished to the parties. Copies of the objections must be filed with the Commission and served upon each of the other parties.

In the instant case, the township's objections were properly filed with the Commission but a copy was not served upon the Union. The Union received actual notice when the notice of hearing was sent by the Commission.

The Commission and the Union contend that the five-day notice requirement is jurisdictional and that failure to comply with the rule precludes consideration of the objections on the merits.[2]

We are faced with the competing considerations of the need for speedy and efficient resolution of representation issues and the policy that such elections be fairly and democratically held. In its brief, the township has raised substantial questions as to the fairness and legality of the election herein contested. We too view with some skepticism the validity of the consent agreement and the means by which the challenged ballots were resolved. In this case, the policy that elections be fairly and democratically held far outweighs the need for speedy and efficient resolution of the representation issue.

We conclude that the Commission abused its discretion in failing to consider the merits of the township's objections. The Union had actual notice

---

[2] The case relied upon by the Union, *National Labor Relations Board v Conlon Bros Mfg Co,* 187 F2d 329 (CA 7, 1951), is distinguishable. There, the objections were not filed with the Board within the proper period. Moreover, even late filing with the Board does not bar consideration on the merits in all cases. *See National Labor Relations Board v Fresh'nd-Aire Co,* 226 F2d 737 (CA 7, 1955), *Schmerler Ford, Inc v National Labor Relations Board,* 424 F2d 1335, 1338 (CA 7, 1970).

of the objections well in advance of the hearing date, and no claim of prejudice has been raised. We find the five-day notice rule to be nonjurisdictional. The objections should have been heard. *Cf. Michigan Employment Security Commission v Wayne State University,* 66 Mich App 26; 238 NW2d 191 (1975).

Reversed and remanded for further proceedings. No costs.