# Court of Appeals, State of Michigan

## ORDER

People of MI v Latausha Simmons

Docket No.    349547

LC No.        2018-000127-AR

Jane M. Beckering
Presiding Judge

Karen M. Fort Hood

Michael J. Riordan
Judges

The motion for reconsideration is GRANTED. Upon further review, this Court's opinion issued April 29, 2021 is VACATED. A new authored majority and dissent are attached to this order.

Presiding Judge

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

July 1, 2021
Date

Chief Clerk

*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

LATAUSHA SIMMONS,

        Defendant-Appellant.

FOR PUBLICATION
July 1, 2021
9:10 a.m.

No. 349547
Macomb Circuit Court
LC No. 2018-000127-AR

ON RECONSIDERATION

Before: BECKERING, P.J., and FORT HOOD and RIORDAN, JJ.

RIORDAN, J.

Defendant appeals, as on leave granted from our Supreme Court,[1] the circuit court's order reversing her conviction of resisting or obstructing a police officer, MCL 750.81d(1), and remanding to the district court for a new trial. Defendant argues that the circuit court had jurisdiction to enter its earlier order and judgment of acquittal, and further, that entry of the order precludes retrial under the Double Jeopardy Clause of the United States Constitution, US Const, Am V.[2] We agree in both respects. Accordingly, we reverse the circuit court's order and remand to that court for further proceedings consistent with this opinion.[3]

## I. FACTS AND PROCEDURAL HISTORY

---

[1] *People v Simmons*, 506 Mich 912 (2020).

[2] As applied to the States through the Fourteenth Amendment of the United States Constitution, US Const, Am XIV, see *Benton v Maryland*, 395 US 784, 787; 89 S Ct 2056; 23 L Ed 2d 707 (1969). See also Const 1963, art 1, § 15.

[3] Our opinion on reconsideration is substantively identical to our original opinion, but for the addition of this footnote and footnote 11.

This case arises out of the arrest of defendant for her failure to comply with the directives of Warren police officers. Officer Sullivan observed defendant exit a grocery store through an opening not typically used by the public and walk to a car parked in an alley next to the grocery store. Defendant entered the car, drove a few feet, exited the car next to a dumpster or shipping container that was in the alley, and peeked around the corner of the dumpster or shipping container at Officer Sullivan. Officer Sullivan found her behavior to be suspicious and approached her to investigate. He requested her identification numerous times. Defendant did not respond to Officer Sullivan and did not present her identification to him. Officer Horlocker and Officer Sciullo were then dispatched to assist Officer Sullivan. Officer Horlocker and Officer Sciullo independently spoke to defendant and requested her identification. Defendant did not respond to either officer and never produced her identification. She was ultimately arrested and charged with resisting or obstructing a police officer.

Before trial, defendant filed a motion to dismiss and for an evidentiary hearing on the lawfulness of the officers' conduct. After a hearing, the district court concluded that the officers' conduct was lawful and the matter then proceeded to trial. On the first day of trial, before the jury was empaneled, the parties discussed the introduction of evidence regarding the lawfulness of the officers' conduct and whether the jury was to be instructed that the lawfulness of the officers' conduct was an element of resisting or obstructing a police officer. The district court ruled that it previously had determined that the officers' conduct was lawful, that no evidence could be presented at trial regarding the lawfulness of the officers' conduct or the legality of defendant's arrest, and that the jury was not to be instructed that the lawfulness of the officers' conduct was a factual issue for it to determine. Consequently, no evidence was presented at trial on the lawfulness of the officers' conduct and the jury did not consider that as one of the elements of the criminal allegation before it. Thus, the jury did not consider the lawfulness of the police officers' conduct and it then found defendant guilty of resisting or obstructing a police officer.

Defendant appealed her conviction to the circuit court. The prosecution did not respond to her appeal or file an appearance. At the hearing on the appeal, the circuit court concluded that the district court erred by precluding the introduction of evidence on the lawfulness of the officers' conduct but, nonetheless, ruled that defendant must be acquitted:

> Even if the – somebody on behalf of the State of Michigan or the City of Warren did appear, on the merits, you win. This matter is reversed and a judgment of acquittal is entered in favor of the Defendant.

> * * *

> Congratulations and on behalf of the State of Michigan let me apologize to the Defendant for going through what you did go through. I mean, even if the instructions had been correct, I see no way that you could have been or should have been convicted on this evidence.

> * * *

> You're an innocent person. Finally the record caught up with that. Thank you. Okay.

The circuit court accordingly entered an order and judgment of acquittal, which stated as follows:

> For the reasons stated on the record, Defendant's motion is GRANTED, Defendant's conviction is reversed, and all arrest records and fingerprint cards shall be returned to Defendant forthwith. This order is a final order resolving all claims and closing the case.

Thirteen days later, the prosecution moved for reconsideration, asserting that it never was served with defendant's claim of appeal or any of the documents filed thereafter, and that the proper remedy for the district court's error was to remand to that court for a new trial, not to enter an order of acquittal.[4] After reviewing the record, the circuit court concluded that the prosecution was not served with defendant's claim of appeal or any of the documents filed thereafter and set aside the order of acquittal. Ultimately, the circuit court reversed itself by concluding that the district court erroneously removed the element of whether the officers acted lawfully from the province of the jury, and it remanded the matter to the district court so that defendant could be re-tried on the charge of resisting or obstructing a police officer.

Defendant filed an application for leave to appeal in this Court, which was denied for lack of merit on the grounds presented. *People v Simmons*, unpublished order of the Court of Appeals, entered July 30, 2019 (Docket No. 349547). Defendant then filed an application for leave to appeal in our Supreme Court. In lieu of granting leave to appeal, our Supreme Court remanded the case to this Court for consideration as on leave granted. *Simmons*, 506 Mich 912. We now address the merits of her appeal.

## II. JURISDICTION

Defendant first argues that the circuit court erred by finding that she did not properly serve her claim of appeal on the prosecution, and alternatively, even if the circuit court did not err by so finding, that the circuit court nonetheless possessed jurisdiction to enter the order of acquittal. We need not address the former argument because we conclude that the circuit court possessed jurisdiction over her appeal in either event. This Court reviews jurisdictional questions de novo. *Teran v Rittley*, 313 Mich App 197, 205; 882 NW2d 181 (2015).

"To vest the circuit court with jurisdiction in an appeal of right, an appellant must file with the clerk of the circuit court within the time for taking an appeal: (1) the claim of appeal, and (2) the circuit court's appeal fees, unless the appellant is indigent." MCR 7.104(B). "An appeal of right to the circuit court must be taken within . . . . 21 days or the time allowed by statute after entry of the judgment, order, or decision appealed[.]" MCR 7.104(A)(1). "The time limit for an appeal of right is jurisdictional." MCR 7.104(A).

---

[4] The prosecution conceded in both the circuit court and this Court that the district court erred by precluding the introduction of evidence on the lawfulness of the officers' conduct and by refusing to instruct the jury concerning that element of the charged offense. See *People v Moreno*, 491 Mich 38, 52; 814 NW2d 624 (2012) (concluding that whether the officer acted lawfully is an element of the crime of resisting or obstructing a police officer).

On June 26, 2018, defendant timely filed a claim of appeal with the clerk of the circuit court. In addition, defendant filed a request for a fee waiver with her claim of appeal. On July 9, 2018, the circuit court waived her fees because of her indigency. Therefore, under MCR 7.104(A)(1) and (B), jurisdiction was vested in the circuit court because defendant timely filed her claim of appeal and her fees were waived. This is true regardless of whether defendant properly served the prosecution with her claim of appeal because the service-of-process provisions contained in the court rules "are intended to satisfy the due process requirement that a defendant be informed of an action by the best means available under the circumstances. These rules are not intended to limit or expand the jurisdiction given the Michigan courts over a defendant." MCR 2.105(J)(1).[5] Thus, even if defendant did not properly serve her claim of appeal on the prosecution, it did not divest the circuit court of jurisdiction to enter its judgment of acquittal.[6] See MCL 600.611 ("Circuit courts have jurisdiction and power to make any order proper to fully effectuate the circuit courts' jurisdiction and judgments.").

## III. DOUBLE JEOPARDY

Defendant next argues that retrial would violate the Constitutional prohibition against double jeopardy. We agree. "A double jeopardy challenge involves a question of law that this Court reviews de novo." *People v Dillard*, 246 Mich App 163, 165; 631 NW2d 755 (2001). Likewise, "[t]his Court reviews de novo claims of instructional error." *People v Dupree*, 284 Mich App 89, 97; 771 NW2d 470 (2009).

"The United States and the Michigan Constitutions protect a person from being twice placed in jeopardy for the same offense." *People v Parker*, 230 Mich App 337, 342; 584 NW2d 336 (1998), citing US Const, Am V; Const 1963, art 1, § 15. "The prohibition against double jeopardy provides three related protections: (1) it protects against a second prosecution for the same offense after acquittal; (2) it protects against a second prosecution for the same offense after conviction; and (3) it protects against multiple punishments for the same offense." *People v Nutt*, 469 Mich 565, 574; 677 NW2d 1 (2004).

With regard to the first protection, "the Double Jeopardy Clause by its terms applies only if there has been some event, such as an acquittal, which terminates the original jeopardy." *Richardson v United States*, 468 US 317, 325; 104 S Ct 3081; 82 L Ed 2d 242 (1984). Thus, "a verdict of acquittal, although not followed by any judgment, is a bar to a subsequent prosecution

---

[5] At most, the alleged failure to properly serve the claim of appeal would perhaps result in a lack of personal jurisdiction over the prosecution. See *In re Koss Estate*, 340 Mich 185, 190; 65 NW2d 316 (1954) ("[S]ervice of the notice of claim of appeal is the means whereby the circuit court attains jurisdiction over the parties to the appeal (although filing claim of appeal vests jurisdiction of the subject matter in the circuit court)[.]"). But see *Mich Emp Sec Comm'n v Wayne State Univ*, 66 Mich App 26, 30-31; 238 NW2d 191 (1975) (limiting *In re Koss Estate* to the court rule in effect when that case was decided). Regardless, the prosecution does not raise any personal-jurisdiction argument.

[6] We note that the prosecution concedes this point as well.

for the same offense." *Ball v United States*, 163 US 662, 671; 16 S Ct 1192; 41 L Ed 300 (1896). Similarly, "the Double Jeopardy Clause bars retrial following a court-decreed acquittal, even if the acquittal is 'based upon an egregiously erroneous foundation.' " *Evans v Michigan*, 568 US 313, 318; 133 S Ct 1069; 185 L Ed 2d 124 (2013), quoting *Fong Foo v United States*, 369 US 141, 143; 82 S Ct 671; 7 L Ed 2d 629 (1962). "[A]n acquittal precludes retrial even if it is premised upon an erroneous decision to exclude evidence, a mistaken understanding of what evidence would suffice to sustain a conviction, or a 'misconstruction of the statute' defining the requirements to convict." *Evans*, 568 US at 318 (citations omitted).[7] Consequently, "an acquittal is final even if it is based on an erroneous *evidentiary* ruling that precluded the prosecution from introducing evidence that would have been sufficient to convict the defendant." *People v Szalma*, 487 Mich 708, 717-718; 790 NW2d 662 (2010) (emphasis in original). See also *Webster v Duckworth*, 767 F2d 1206, 1214 (CA 7, 1985) ("The absence of competent substantive evidence to support a verdict of guilty beyond a reasonable doubt, whether the result of prosecutorial inability, judicial error or a recalcitrant witness, requires an acquittal either at trial or on appeal.").

The United States Supreme Court has "defined an acquittal to encompass any ruling that the prosecution's proof is insufficient to establish criminal liability for an offense." *Evans*, 568 US at 318. "Thus, an acquittal includes a ruling by the court that the evidence is insufficient to convict, a factual finding that necessarily establishes the criminal defendant's lack of criminal culpability, and any other ruling which relates to the ultimate question of guilt or innocence." *Id*. at 319 (cleaned up). On the other hand, "a defendant who has been released by a court for reasons required by the Constitution or laws, but which are unrelated to factual guilt or innocence, has not been determined to be innocent in any sense of that word, absolute or otherwise." *United States v Scott*, 437 US 82, 98 n 11; 98 S Ct 2187; 57 L Ed 2d 65 (1978). In these scenarios, the Double Jeopardy Clause generally does not bar retrial following such "procedural dismissals." See *Evans*, 568 US at 319.

"Whether a judgment of a lower court is an acquittal for purposes of double jeopardy 'is not to be controlled by the form of the judge's action.' " *Szalma*, 487 Mich at 721, quoting *United States v Martin Linen Supply Co*, 430 US 564, 571; 97 S Ct 1349; 51 L Ed 2d 642 (1977). "Rather, an appellate court 'must determine whether the ruling of the judge, whatever its label, actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged.' " *Szalma*, 487 Mich at 721, quoting *Martin Linen*, 430 US at 571. That is, "[t]here is an acquittal and retrial is impermissible when the judge 'evaluated the government's evidence and determined

---

[7] The United States Supreme Court has "made a single exception to the principle that acquittal by judge precludes reexamination of guilt no less than acquittal by jury: When a jury returns a verdict of guilty and a trial judge (or an appellate court) sets aside that verdict and enters a judgment of acquittal, the Double Jeopardy Clause does not preclude a prosecution appeal to reinstate the jury verdict of guilty." *Smith v Massachusetts*, 543 US 462, 467; 125 S Ct 1129; 160 L Ed 2d 914 (2005). See also *People v Jones*, 203 Mich App 74, 79 n 1; 512 NW2d 26 (1993) ("Although retrial following acquittal is barred under the Double Jeopardy Clause, the government may appeal if reinstatement of the jury's verdict of conviction, rather than retrial, is sought.").

-5-

that it was legally insufficient to sustain a conviction.' " *People v Anderson*, 409 Mich 474, 486; 295 NW2d 482 (1980), quoting *Martin Linen*, 430 US at 572.

Two cases illustrate the opposite ends of the spectrum of the Double Jeopardy issue before us. In *Sanabria v United States*, 437 US 54; 98 S Ct 2170; 57 L Ed 2d 43 (1978), the petitioner was charged in federal district court with violating 18 USC 1955, a statute that prohibits operating an "illegal gambling business" in violation of state law. *Id.* at 56. The federal district court originally allowed the Government to introduce evidence of both "numbers betting" and "horse betting," but subsequently struck all evidence of numbers betting near the end of trial "because it believed such action to be required by the indictment's failure to set forth the proper section." *Id.* at 58-59. The federal district court then entered a judgment of acquittal in favor of the petitioner on the basis that the Government failed to introduce sufficient proof that the petitioner was connected to the "horse-betting activities." *Id.* at 59. Thereafter, the Government sought to retry the petitioner for numbers betting alone. *Id.* at 60-61. The United States Supreme Court ruled that the Double Jeopardy Clause barred retrial notwithstanding the federal district court's presumably erroneous interpretation of the indictment and accompanying decision to exclude evidence:

> We must assume that the trial court's interpretation of the indictment was erroneous. But not every erroneous interpretation of an indictment for purposes of deciding what evidence is admissible can be regarded as a "dismissal." Here the District Court did not find that the count failed to charge a necessary element of the offense; rather, it found the indictment's description of the offense too narrow to warrant the admission of certain evidence. To this extent, we believe the ruling below is properly to be characterized as an erroneous evidentiary ruling, which led to an acquittal for insufficient evidence. That judgment of acquittal, however erroneous, bars further prosecution on any aspect of the count and hence bars appellate review of the trial court's error. [*Id.* at 68-69 (citations omitted).]

In *United States v Houston*, 792 F3d 663 (CA 6, 2015), the defendant was charged in federal district court with violating 18 USC 875(c), a statute prohibiting the transmittal of a threat in interstate commerce. *Id.* at 665. The federal district court instructed the jury that " '[a] statement is a true threat if it was made under such circumstances that a reasonable person hearing the statement would understand it as a serious expression of intent to inflict injury.' " *Id.* at 666. The United States Court of Appeals for the Sixth Circuit reversed the defendant's conviction and remanded the matter to the federal district court for a new trial, explaining that the instruction was erroneous because "[i]t permitted the jury to return a criminal conviction based on a negligent state of mind[.]" *Id.* at 667. The Court then addressed his sufficiency-of-the-evidence challenge, stating as follows:

> Before addressing this argument, a brief digression is in order. Do we measure the sufficiency of the evidence to convict Houston under the wrong instruction (what was given) or the right one (what would otherwise be given on remand)? Oddly enough, it is the wrong instruction, at least when the instructions omit or inaccurately describe an element of the offense and the defendant fails to object—as here. Otherwise, we would be forced to measure the evidence introduced by the government against a standard it did not know it had to satisfy and potentially prevent it from ever introducing evidence on that element. Nor does

this approach create Double Jeopardy problems.  Consider this case:  If we think about the sufficiency of the evidence with respect to correct jury instructions, the government would not be seeking a second bite at the apple but a *first* bite under the right legal test. . . .  Other appellate courts have reached the same conclusion.  [*Id*. at 669-670 (emphasis in original).]

In this case, the order of acquittal provided that it was granted "[f]or the reasons stated on the record."  And the circuit court stated on the record that "even if the instructions had been correct, I see no way that [defendant] could have been or should have been convicted on this evidence."  This was an unequivocal determination that the evidence was insufficient to establish all of the elements of resisting or obstructing a police officer beyond a reasonable doubt and therefore the circuit court's action constituted an acquittal.  See *Anderson*, 409 Mich at 486, quoting *Martin Linen*, 430 US at 572 (explaining that an acquittal occurs "when the judge 'evaluated the government's evidence and determined that it was legally insufficient to sustain a conviction' ").  Further, the circuit court also stated that defendant was "an innocent person."  Such an express finding of innocence also constitutes an acquittal.  See *Evans*, 568 US at 319.  Simply put, the circuit court's statements on the record may only be reasonably understood to be an acquittal for the purposes of the Double Jeopardy Clause.[8]

Having concluded that the order of acquittal was an "acquittal" for the purposes of the Double Jeopardy Clause, retrial is barred.  See *Fong Foo*, 369 US at 143; *Szalma*, 487 Mich at 717-718.  The order of acquittal "precludes reexamination of guilt" in all cases except "a prosecution appeal to reinstate the . . . verdict of guilty."  *Smith*, 543 US at 467.  Here, however, the prosecution does not seek to reinstate the jury's guilty verdict because it has acknowledged, as it must under the factual and procedural history here, that the underlying instructional error would require a new trial, not the reinstatement of a guilty verdict.  Thus, the Fifth Amendment's Double Jeopardy Clause applies here and bars defendant's retrial as the prosecution seeks to do.[9]

Lastly, we acknowledge that the circuit court, on reconsideration, set aside its order of acquittal and instead remanded to the district court for a new trial on the basis that the error in the

---

[8] By analogy, MCR 6.419(A) provides that during a jury trial, at the close of the prosecution's case-in-chief or the close of evidence, "the court on the defendant's motion must direct a verdict of acquittal on any charged offense for which the evidence is insufficient to sustain a conviction. The court may on its own consider whether the evidence is insufficient to sustain a conviction." The finding of evidentiary insufficiency in this case is akin to such a finding in a directed verdict of acquittal.

[9] We do not find the prosecution's citation to *People v Reed*, unpublished per curiam opinion of the Court of Appeals, issued November 21, 2013 (Docket No. 311067), persuasive. Notwithstanding that it is unpublished and therefore not precedentially binding, see MCR 7.215(C)(1), there is nothing in *Reed* to suggest that the jury had already been selected and sworn when the trial court dismissed the case "[o]n the day of defendant's trial." "Jeopardy attaches when a jury is selected and sworn . . . ." *People v Grace*, 258 Mich App 274, 279; 671 NW2d 554 (2003).

original trial was merely instructional.[10]  Such reasoning is not without force.  As *Houston* explains, when a trial court fails to instruct a jury on a particular element of the crime, a sufficiency-of-the-evidence challenge should be reviewed on the basis of the wrong instructions. See *Houston*, 792 F3d at 669-670.  And although the question is not before us today, we acknowledge that it is at least arguable that there was sufficient evidence to sustain defendant's conviction under the wrong instructions given to the jury.  Nonetheless, the key factor which distinguishes the matter here from cases such as *Houston*, and brings it within the realm of cases such as *Sanabria*, is that the circuit court entered a judgment and order of acquittal.[11]  While the same circuit court later tried to reverse course, we conclude that its ruling on reconsideration cannot supersede its earlier order of acquittal for the purposes of the Double Jeopardy Clause because that earlier order, as evidenced by its unequivocal language, was not tentative in any respect.  See *United States v Blount*, 34 F3d 865, 868 (CA 9, 1994) (holding that the federal district

---

[10] Defendant argues that the circuit court did not possess jurisdiction to grant the prosecution's motion for reconsideration because the motion was filed more than 21 days after the order of acquittal was entered.  See MCR 2.119(F)(1).  The record, however, indicates that the motion was filed on January 10, 2019, only 13 days after the order of acquittal was entered.

[11] We agree with the dissent that the circuit court's order of acquittal was not "final" in the sense that it was subject to being set aside on reconsideration or on appeal to a higher court.  However, we conclude that it was only subject to being set aside to the extent that doing so would not result in a second trial.  That is, the prosecution was permitted to challenge the order of acquittal below and in this Court, and it may do so by seeking leave to appeal in our Supreme Court, but only to the extent that a successful challenge would reinstate the guilty verdict.  This conclusion, in our view, is consistent with the decisions of the United States Supreme Court on the matter. See, e.g., *Burks v United States*, 437 US 1, 18; 98 S Ct 2141; 57 L Ed 2d 1 (1978) ("[T]he Double Jeopardy Clause precludes a second trial once the reviewing court has found the evidence legally insufficient . . . ."); *Tibbs v Florida*, 457 US 31, 41; 102 S Ct 2211; 72 L Ed 2d 652 (1982) ("A verdict of not guilty, whether rendered by the jury or directed by the trial judge, absolutely shields the defendant from retrial.  A reversal based on the insufficiency of the evidence has the same effect because it means that no rational factfinder could have voted to convict the defendant.") (footnote omitted); *Lockhart v Nelson*, 488 US 33, 39; 109 S Ct 285; 102 L Ed 2d 265 (1988) ("Because the Double Jeopardy Clause affords the defendant who obtains a judgment of acquittal at the trial level absolute immunity from further prosecution for the same offense, it ought to do the same for the defendant who obtains an appellate determination that the trial court *should* have entered a judgment of acquittal.") (emphasis in original); *Monge v California*, 524 US 721, 729; 118 S Ct 2246; 141 L Ed 2d 615 (1998) ("We have held that where an appeals court overturns a conviction on the ground that the prosecution proffered insufficient evidence of guilt, that finding is comparable to an acquittal, and the Double Jeopardy Clause precludes a second trial."); *Bravo-Fernandez v United States*,__US__,__; 137 S Ct 352, 364; 196 L Ed 2d 242 (2016) ("Bravo and Martínez could not be retried on the bribery counts, of course, if the Court of Appeals had vacated their § 666 convictions because there was insufficient evidence to support those convictions.  For double jeopardy purposes, a court's evaluation of the evidence as insufficient to convict is equivalent to an acquittal and therefore bars a second prosecution for the same offense.").

court could not reverse its earlier ruling of acquittal because "there is no suggestion in this case that the district court's oral grant of the motion for acquittal was tentative or subject to reconsideration"); *United States v Thompson*, 690 F3d 977, 996 (CA 8, 2012) ("When the district court initially granted Thompson's motion for judgment of acquittal, it did so unequivocally, without making any indication of any availability of reconsideration . . . . Once Thompson had rested his case, relying at least in part on the district court's judgment of acquittal, double jeopardy attached and the reversal of that judgment was a constitutional violation.").[12]

## IV. CONCLUSION

We conclude that the circuit court had jurisdiction to enter the order of acquittal and that the Double Jeopardy Clause bars defendant's retrial on the charge of resisting or obstructing a police officer, MCL 750.81d(1). Accordingly, we reverse the circuit court's order remanding to the district court for a new trial, and remand to the circuit court for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael J. Riordan
/s/ Karen M. Fort Hood

---

[12] We acknowledge that these cases concerned mid-trial judgments of acquittal, whereas this case concerns a post-trial order of acquittal. We nonetheless find them persuasive and believe that barring retrial here is consistent with the overarching general rule that acquittals cannot be set aside unless the fact-finder has already returned a verdict of guilty and the prosecution simply seeks to have that verdict reinstated. See *Smith*, 543 US at 467. Indeed, it would be a peculiar outcome if a judgment and order of acquittal as a result of a trial could not be set aside by a higher court on appeal, but an order and judgment of acquittal could be set aside on reconsideration by the same court which issued it.